Gtabrielli, J.
At the close of plaintiff’s proof her complaint was dismissed for a failure to establish actionable negligence. The Appellate Division, by a divided court, affirmed (40 A D 2d 820). We disagree with these determinations and hold that *598 the plaintiff established a prima facie case, requiring the issues to be submitted to a jury.
Plaintiff, a tenant, was injured when she fell on slippery wet marble steps as she was leaving the eight-family apartment building owned by the defendant. It is alleged, and the proof upon the trial disclosed, that the fall was caused by the slippery condition of the steps created by water coming from a garden hose protruding from the second-story window of defendant’s own apartment, placed there by defendant and situated directly over the stairway. The entire stairway was covered by water. The owner deliberately used the waterfall for the avowed purpose of preventing people from sitting on the steps. Plaintiff testified that when leaving the building by the single and only exit therefrom, and while walking slowly and carefully, she slipped, fell and bounced down all the steps. A policeman, who had investigated the incident, generally corroborated her testimony and testified that the entire surface of the steps was wet and one descending the steps could not avoid the water. Plaintiff unsuccessfully attempted to introduce the testimony of an expert who, according to her formal offer of proof, would testify that the steps were slippery and dangerous when wet. On the ground that the witness’ inspection was made some time after the occurrence, this testimony was barred despite the fact that the offer also showed he would testify that there was no material change in the steps since the date of the accident.
At the outset, it ought not be necessary to state that where parts of a building have been demised to several tenants, as here, it is the duty of the landlord to use reasonable diligence to keep in safe condition the portions of his property used in common (Melodee Lane Lingerie Co. v. American Dist. Tel Co., 18 N Y 2d 57, 63). The defendant landlord was required to exercise reasonable care to make certain that the steps would be safe ' from known dangers or those which could be anticipated, and certainly not to create a situation likely to result in injury to a tenant (Restatement, 2d, Torts, § 361; Nevoso v. Putter-Fine Bldg. Corp., 18 A D 2d 317, 320).
Citing Kraus v. Wolf (253 N. Y. 300), the Trial Judge granted defendant’s motion for a nonsuit because “ [t]he condition is no different if the stoop and steps get wet or soaked from a heavy rainfall or whether they get soaked from having water *599 from a hose sprayed on them ”. We pause here to note that Krcms, a classic slip-and-fall case, has no applicability here, for in that case the wet condition was occasioned by natural causes, creating a small pool of water in a slight depression. In the present case not only were all the steps covered with water, but the entire situation was created by the deliberate and intentional act of the defendant. Neither his duty nor his potential liability is to be predicated upon his “ permitting ” a dangerous condition to exist, but rather is based upon his own affirmative act in creating the condition complained of (cf. Brand v. Interborough R. T. Co., 273 N. Y. 658; Miller v. Girnbel Bros., 262 N. Y. 107; Kraus v. Wolf, supra; Nevoso v. Putter-Fine Bldg. Corp., 18 A D 2d, at p. 320); and, of course, usual questions of notice of the condition are irrelevant since the defendant created the condition. Unlike the precedent urged by the defendant and accepted by the trial court, the owner here was not subject to the unpredictable vagaries of the weather. It was, minimally, within the owner’s power to prevent the presence of water and the creation of a dangerous condition.
In assessing this case in its present posture, plaintiff is entitled to have the facts elicited at trial in the light most favorable to her and she is to have accorded to her the benefit of every favorable inference which can reasonably be drawn from these facts (Philpot v. Brooklyn Nat. League Baseball Club, 303 N. Y. 116). The issues of negligence, causation and damages were for the jury.
Accordingly, the order should be reversed, with costs to abide the event, and a new trial granted.
Chief Judge Fuld and Judges Bueke, Bbeitel, Jasen, Jones and Waohtleb concur.
Order reversed, etc.