■ FLOR OSPINA, Respondent, v ARTHUR ZAGELBAUM et al., Doing Business as CLINTON REALTY COMPANY, Appellant. [680 NYS2d 110] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated September 9, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff was assaulted and raped by an unidentified assailant who accosted her in the vestibule of her apartment building. She subsequently commenced this action against the owner of the building, alleging that the assault resulted from its failure to provide adequate security devices and lighting.

In its motion for summary judgment dismissing the complaint, the defendant established its entitlement to judgment as a matter of law. In response, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact as to the defendant's alleged negligence. There is no evidence

that the lock on the door to the building, through which the assailant allegedly gained access to the vestibule, was defective or inoperable on the date of the incident. The only probative evidence and testimony regarding a defective lock involved the lock on the plaintiff's apartment door, which is not relevant to her claim in this case as she was not assaulted in her apartment. Further, the plaintiff failed to come forward with any evidence demonstrating that the defendant had actual or constructive notice of the alleged inadequate lighting or that such inadequate lighting was a proximate cause of the assault (*see, Leyva v Riverbay Corp.*, 206 AD2d 150, 154). Consequently, the Supreme Court erred in denying the defendant's motion. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.