■ ERIC NAPOSKI, Appellant, v AU BAR, Respondent, et al., Defendant. [706 NYS2d 430] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about July 16, 1999, which, in an action against a nightclub owner for injuries plaintiff allegedly sustained in a physical altercation on defendant's premises, granted defendant-respondent's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

To the extent the action is based on the failure of defendant's security staff to restrain plaintiff's attacker after the attack began and before plaintiff sustained his injuries, defendant's security guard testified to facts sufficient to show that defendant's security staff acted properly, while plaintiff admitted at his deposition that he does not know what steps, if any, the security guards took to restrain the attacker. The assertions in plaintiff's affidavit contradicting his admission of lack of knowledge at the deposition do not raise a genuine issue of fact as to the propriety of the security guards' actions, and are insufficient to defeat the summary judgment motion (*see, Kistoo v City of New York*, 195 AD2d 403, 404). We note that on appeal plaintiff no longer argues that defendant's employees had reason to foresee, and thus a duty to prevent, the alleged initial attack on plaintiff (*see, Rivera v 21st Century Rest.*, 199 AD2d 14, 15, citing *Camacho v Edelman*, 176 AD2d 453, 454). Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Saxe, JJ.