■ JOSEPH BARR, Respondent, v INCORPORATED VILLAGE OF ATLANTIC BEACH, Respondent, et al., Defendant, and LINDA HOFFMAN, Appellant. [717 NYS2d 247] —In an action to recover damages for personal injuries, the defendant Linda Hoffman appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated December 21, 1999, which denied her motion, in effect, for summary judgment dismissing the complaint and cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the defendant Linda Hoffman, and the action against the remaining defendants is severed.

The plaintiff was allegedly injured when the top half of the shaft of an open beach umbrella became dislodged, blew away in the wind, and hit her in the face. The umbrella had been imbedded in the sand by an employee of the defendant Incorporated Village of Atlantic Beach for the appellant's use.

The appellant established, prima facie, her entitlement to judgment as a matter of law through the deposition testimony of the parties and their agents that she did not create or have actual or constructive notice of the allegedly defective condition of the umbrella. Absent a showing of evidentiary facts that the appellant created the dangerous condition or had actual or constructive notice thereof, the complaint and cross claims must be dismissed insofar as asserted against her (see, *Maggi v Innovax Methods Group Co.,* 250 AD2d 576; *Wozniak v Filler,*

245 AD2d 444). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.