■ CATHERINE CHAMBERLAIN, Respondent, v CITY OF NEW YORK, Defendant, ORBANK REALTY, LTD., Respondent, and KON & TON FOOD CORP., Doing Business as JOE JR. RESTAURANT, Appellant. [729 NYS2d 100] —Order, Supreme Court, New York County (Joan Madden, J.), entered on or about March 7, 2000, which, *inter alia*, denied the motion of defendant Kon & Ton Food Corp. d/b/a Joe Jr. Restaurant for summary judgment and the cross motion of defendant Orbank Realty, Ltd. for summary judgment, unanimously reversed to the extent appealed from, on the law, without costs or disbursements, Kon & Ton's motion granted, and, on a search of the record, Orbank's cross motion granted. The Clerk is directed to enter judgment in favor of defendants Kon & Ton Food Corp. d/b/a Joe Jr. Restaurant and Orbank Realty, Ltd. dismissing the complaint as against them.

Plaintiff seeks to recover for personal injuries allegedly sustained on February 16, 1996 when she fell on a snow and ice covered sidewalk abutting the premises at 167 Third Avenue in Manhattan, which is owned by defendant Orbank and in which defendant Kon & Ton operates a restaurant. The IAS court denied summary judgment, finding questions, as to Kon & Ton, whether the condition encountered by plaintiff, "just enough snow to obscure the painted sidewalk beneath," represented a greater hazard than that originally posed by the natural condition of the sidewalk, and, as to Orbank, whether its failure to remove the paint from the sidewalk caused or contributed to plaintiff's injuries.

Plaintiff's theory of recovery is that the accident was caused by a defective condition created when defendants painted the sidewalk with a grey substance which became excessively slippery when it was covered by snow. First of all, Kon & Ton's president states that at no time prior to plaintiff's accident had it ever received notice of the alleged slippery condition of the sidewalk (see, Strowman v Great Atl. & Pac. Tea Co., 252 AD2d 384), and the record is bereft of any evidence to the contrary (see, Arcuri v Vitolo, 196 AD2d 519). Plaintiff's reliance on Cook v Rezende (32 NY2d 596, 599) is misplaced. In Cook, the plaintiff was injured when she fell on marble steps which had become slippery as a result of water coming from a garden hose protruding from the second-story window of defendant's apartment, placed there by defendant and situated directly over the stairway. Thus, in that case the question of notice was irrelevant because defendant created the condition. Here, even if defendants were responsible for painting the sidewalk, they did not create the condition which caused plaintiff to fall; the condition was created by the accumulation of snow.

In any event, plaintiff has failed to submit any competent evidence that the paint on the sidewalk contributed to the accident in any way or that it created a more hazardous condition than would be found on an unpainted sidewalk. Her conclusory statement that the "painted strip was one of the direct causes of [her] accident" is insufficient to defeat summary judgment.

Finally, in granting summary judgment to Orbank, we note that there is no evidence that it either created or exacerbated the condition of the sidewalk. (See, Rubenstein v DeGeorgio, 236 AD2d 383, lv denied 90 NY2d 811.) While Orbank did not file a notice of appeal from the denial of its cross motion for summary judgment, this Court can search the record and grant summary judgment to a non-appealing party. (Merritt Hill

*Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-112.)
Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.