■ BARBARA A. O'BRIEN et al., Appellants, v CITY OF SCHENECTADY, Respondent. [809 NYS2d 294]—

Mercure, J. Appeal from a judgment of the Supreme Court (Caruso, J.), entered May 10, 2004 in Schenectady County, upon a verdict rendered in favor of defendant.

Plaintiff Barbara A. O'Brien suffered injuries in August 1998, when she stepped into a hole in the ground, three to five feet deep, while walking through Central Park in the City of Schenectady, Schenectady County. Thereafter, plaintiffs commenced this personal injury action, alleging that defendant had caused the dangerous condition in its park and had actual and constructive knowledge of the condition. Specifically, plaintiffs claim that at some point after defendant acquired the park in 1914, it created the hole by burying a tree stump approximately five feet tall above the groundwater table, causing it to become hollow due to decay. Plaintiffs claim further that the stump was buried when the land surrounding it was regraded approximately six feet above ground level and that it was covered with soil, which ultimately collapsed to create the hole after the buried tree decayed.

The matter proceeded to trial and, upon defendant's motion for a directed verdict at the close of proof, Supreme Court determined that no record evidence existed that defendant, as opposed to natural decay, created the condition. The court therefore declined to charge the jury that defendant could be liable if it created the dangerous condition. Rather, the court charged the jury that defendant would be liable only if it had actual or constructive notice of the dangerous condition for a sufficient period of time to correct it. The court also determined that defendant's prior written notice ordinance was not applicable because the hole was not part of a paved walkway. The jury ultimately returned a verdict in favor of defendant and Supreme Court entered judgment thereon. Plaintiffs appeal and we now affirm.

It is well settled that when a property owner creates a dangerous condition by his or her "own affirmative act[, the] . . . usual questions of notice of the condition are irrelevant" (*Cook v Rezende*, 32 NY2d 596, 599 [1973]; *see Richardson v Schwager Assoc.*, 249 AD2d 531, 532 [1998]; *Cruz v New York City Tr. Auth.*, 136 AD2d 196, 198 [1988]). Plaintiffs argue that Supreme Court erred in concluding that defendant, as owner of the park,

cannot be said to have created the dangerous condition by its own affirmative act. Although plaintiffs' experts could not determine when the tree was buried or when it rotted, plaintiffs assert that based on old photographs and an archeologist's report, it can be inferred that the hollowed tree that caused the accident was buried sometime between 1914, when defendant took ownership of the park, and 1926. In essence, plaintiffs contend that Supreme Court should have instructed the jury to consider whether defendant created the dangerous condition through an affirmative act of negligence in burying the tree approximately 75 years before O'Brien stepped into the hole.

Even assuming that defendant did bury the tree above the water table and, thereafter, failed to ensure that the tree's deterioration over time did not create a hole, we conclude that "[a]t most, [defendant's] conduct amounted to nonfeasance" (*Monteleone v Incorporated Vil. of Floral Park*, 74 NY2d 917, 919 [1989]). Thus, defendant did not create the dangerous condition. Like the planting of a tree followed by the failure either to prune it or to control an overgrowth of roots causing sidewalk defects and obstructions, defendant's failure to repair the deteriorated condition caused by the natural rotting of the tree over a 75-year period cannot be said to constitute an act of affirmative negligence (*see id.* at 919; *Lowenthal v Theodore H. Heidrich Realty Corp.*, 304 AD2d 725, 726 [2003]; *Claudio v Incorporated Vil. of Patchogue*, 235 AD2d 385, 385 [1997]; *Hughes v City of Niagara Falls*, 225 AD2d 1059, 1059 [1996]; *Michela v County of Nassau*, 176 AD2d 707, 708 [1991]; *see also Pittel v Town of Hempstead*, 154 AD2d 581, 583 [1989]). The cases relied upon by plaintiffs in which a municipality is deemed to have notice of a dangerous condition that it created and either maintained or actively caused to further deteriorate over time (*see Muszynski v City of Buffalo*, 29 NY2d 810 [1971], *affg on op below* 33 AD2d 648, 648 [1969]; *Taylor v City of Albany*, 264 NY 539 [1934], *affg* 239 App Div 217, 219 [1933]; *Klimek v Town of Ghent*, 114 AD2d 614, 615-616 [1985]; *see also Filsno v City of Rochester*, 10 AD2d 663, 663 [1960]) are distinguishable, inasmuch as here the burying of the tree did not initially create a dangerous condition. Rather, the subsequent deterioration was caused by natural processes over a lengthy period of time, and defendant took no affirmative steps with respect to the tree after burying it, allegedly before 1926. Moreover, the reasoning underlying plaintiffs' assertion that a municipality need not be given notice of a dangerous condition that developed as a result of negligently performed work many years earlier has now been called into question (*see Bielecki v City of New York*, 14 AD3d 301, 301-302 [2005], *overruling Torres v City of New York*, 306 AD2d 191, 195-196 [2003]).

In our view, because Supreme Court properly determined that plaintiffs failed to adduce proof that defendant created the subject dangerous condition, there must be an affirmance. Our decision renders plaintiffs' remaining contentions academic.

Cardona, P.J., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.