■ Lissbeth Resto, Respondent, v 798 Realty, LLC, et al., Appellants. [813 NYS2d 716]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered on or about July 22, 2005, which, to the extent appealed from, denied, in part, defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted in its entirety. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff commenced this action against defendants after she slipped and fell in a stairwell in a building owned and managed by defendants. Plaintiff claimed that her accident occurred as a result of the presence of liquid on certain steps in the stairwell and inadequate lighting. Defendants moved for summary judgment dismissing the complaint in its entirety. Supreme Court denied that aspect of the motion that sought dismissal of plaintiff's claim regarding the allegedly defective lighting condition and otherwise granted the motion. Defendants appeal, and we reverse.

Defendants, through the deposition testimony of an employee responsible for maintaining the subject premises, made a prima facie showing of entitlement to judgment as a matter of law dismissing plaintiff's claim regarding inadequate lighting on the ground that they neither created the condition through an affirmative act of misfeasance nor had actual or constructive notice of the condition (*see Arias v St. Rosalia's R.C. Church*, 286 AD2d 311 [2001]; *see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]; *cf. Streit v DTUT*, 302 AD2d 450, 451 [2003]; *Goldfarb v Kzichevsky*, 280 AD2d 583 [2001]). In opposition to this prima facie showing, plaintiff failed to raise a triable issue of fact (*see Ospina v Zagelbaum*, 254 AD2d 468, 469 [1998]; *cf. Benn v Municipal Hous. Auth. for City of Yonkers*, 275 AD2d 755, 756 [2000]; *Rigney v Healy*, 271 AD2d 426 [2000]). Specifically, plaintiff offered no evidence to rebut defendants' showing that they neither created nor had notice of the alleged inadequate lighting condition. Concur—Tom, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.