■ PRISCILLA KELLY, Respondent, v MICHAEL A. BERBERICH, Defendant, and STAPLES, INC., Appellant. [828 NYS2d 332]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered August 10, 2005, which, insofar as appealed from as limited by the briefs, denied defendant-appellant's cross motion for summary judgment dismissing the complaint and all cross claims as against it, reversed, on the law, without costs, the motion granted and the complaint and all cross claims dismissed as against defendant-appellant. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured in a motor vehicle accident when the vehicle she was driving on a Poughkeepsie highway was struck by another vehicle. The accident occurred when an unattended shopping cart, allegedly propelled by strong winds, rolled down the driveway connecting the highway to the parking lot of a store owned by defendant Staples, entered the highway and caused plaintiff to abruptly decrease the speed of her vehicle. Plaintiff's vehicle collided with the cart and, seconds later, her vehicle was struck by the vehicle traveling behind it driven by defendant Berberich.

Plaintiff commenced this action against, among others, Staples, claiming that it negligently permitted the cart to enter the roadway. Plaintiff's theory of liability against Staples is that the design of the parking lot and driveway, which sloped down

to the highway, the presence of unattended shopping carts in the parking lot and windy weather combined to form a dangerous condition. Staples moved for summary judgment dismissing the complaint as asserted against it and Berberich's cross claims for indemnification or contribution, arguing that it neither created nor had actual or constructive notice of the dangerous condition. Supreme Court denied the motion and this appeal ensued.

Staples made a prima facie showing of entitlement to judgment as a matter of law on the ground that it neither created the condition through an affirmative act of misfeasance nor had actual or constructive notice of the condition (*see Resto v 798 Realty, LLC*, 28 AD3d 388 [2006]; *see also Mercer v City of New York*, 88 NY2d 955 [1996]). In support of its motion, Staples submitted the deposition testimony of two individuals who were employees of Staples at the time the accident occurred. Neither witness had seen an unattended cart move in the store's parking lot due to windy conditions and neither witness received any complaints about carts moving due to wind. Similarly, neither witness was aware of any instances in which an unattended cart rolled from the parking lot onto the highway.

Staples also relied on the deposition testimony of both Berberich and plaintiff. Berberich, a lifelong resident of the area who frequently drove through the scene of the accident, testified that, prior to the accident, he never saw a shopping cart near the highway adjacent to the store. Plaintiff, who drove past the store approximately once a week during the five years preceding the accident, testified that on one occasion before the accident she saw a Staples shopping cart across the highway from the store on the side of the road. Plaintiff, who did not recall when she saw this cart and did not know how the cart got to that location, did not see any other Staples shopping carts on the highway prior to the accident.

In opposition, plaintiff failed to raise a triable issue of fact. The dangerous condition which is the basis of plaintiff's claim against Staples is comprised of three elements: (1) the physical characteristics of the parking lot and driveway, (2) the presence of unattended carts in the parking lot, and (3) windy weather. Plaintiff submitted no evidence that Staples designed, constructed or negligently repaired the parking lot, the driveway, or both (*see Richardson v Campanelli*, 297 AD2d 794 [2002]; *Thomas v Phillips*, 246 AD2d 531 [1998]; cf. *Torres v New York City Tr. Auth.*, 305 AD2d 165 [2003]; *Hantz v Fishman*, 155 AD2d 415 [1989]). While Staples may have *permitted* the sloped parking lot and driveway to exist, plaintiff has tendered no evi-

dence indicating that Staples, through an affirmative act, created the sloped features of the parking lot or driveway (*see Cook v Rezende*, 32 NY2d 596, 599 [1973]; *cf. Brown v Welsbach Corp.*, 301 NY 202 [1950]). Similarly, plaintiff submitted no evidence that Staples placed carts in the parking lot and left them unattended. To the contrary, while Staples was aware that customers would bring carts into the parking lot and leave them unattended, Staples' employees would periodically collect carts from the parking lot and bring them back inside the store. Again, while Staples may have *permitted* unattended carts to remain in the parking lot, there is no indication that Staples, through an affirmative act, caused unattended carts to be present there (*see Cook, supra*; *see also Zuk v Great Atl. & Pac. Tea Co., Inc.*, 21 AD3d 275 [2005]). With regard to the element of windy conditions, Staples is not responsible for the "unpredictable vagaries of the weather" (*Cook*, 32 NY2d at 599; *see Chamberlain v City of New York*, 286 AD2d 232 [2001], *lv denied* 97 NY2d 605 [2001]). Accordingly, plaintiff failed to raise a triable issue of fact regarding whether Staples created the dangerous condition.

Similarly, plaintiff presented no evidence that Staples had actual notice of the condition or that the condition was visible and apparent and existed for a sufficient length of time prior to the accident to permit Staples to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Plaintiff did tender some evidence regarding whether the condition was a recurring one; however, this evidence is insufficient to raise a triable issue of fact regarding constructive notice. Plaintiff's affidavit, in which she stated that, prior to the accident, "on more than one occasion . . . [she] saw shopping carts on [both] side[s] of [the highway]," was conclusory and bereft of any detail regarding when she saw the carts[1] on the side of the highway, the number of times she saw them or how they came to rest on the sides of the highway.[2] Identical infirmities plague plaintiff's daughter's affidavit.[3] Therefore, no triable issue of fact exists regarding whether an

---

**1.** Indeed, plaintiff does not state that the carts she purportedly saw belonged to Staples or resembled the carts belonging to Staples.

**2.** Plaintiff's affidavit directly contradicts her prior deposition testimony and should not be considered (*see Naposki v Au Bar*, 271 AD2d 371 [2000]; *Joe v Orbit Indus.*, 269 AD2d 121 [2000]; *cf. Faulkner v Allied Manor Rd. Co.*, 306 AD2d 224, 225 [2003] [where affidavit can be reconciled with prior testimony the affidavit cannot be regarded as merely a self-serving allegation calculated to contradict an admission made in the course of previous testimony]).

**3.** On the issue of notice, plaintiff's daughter averred that: "Prior to the . . . accident, I regularly drove on [the highway] past the Staples store. I

ongoing and recurring dangerous condition existed that was routinely left unaddressed by Staples (*see Green v City of New York*, 34 AD3d 528 [2006]; *Tejeda v Six Ten Mgt. Corp.*, 15 AD3d 265 [2005]; *DeLeon v New York City Tr. Auth.*, 5 AD3d 531 [2004]; *cf. Uhlich v Canada Dry Bottling Co. of N.Y.*, 305 AD2d 107 [2003]; *Lemonda v Sutton*, 268 AD2d 383 [2000]).

Accordingly, we reverse the order and grant the motion (*see Zuk v Great Atl. & Pac. Tea Co., Inc., supra*). Concur—Andrias, J.P., Nardelli and McGuire, JJ.

Saxe and Sweeny, JJ., dissent in a memorandum by Saxe, J., as follows: Plaintiff alleges that she was injured in an automobile accident when a shopping cart from defendant Staples' store rolled from the driveway of the store's parking lot onto the adjacent highway on which plaintiff was driving, causing plaintiff to stop short, in turn causing the individual defendant's car to hit plaintiff's car in the rear.

Material issues of fact are raised by photographic and testimonial evidence that the parking lot is significantly sloped toward the highway, that the day in question was a windy one, and that on this day the store failed to follow its practice of collecting the carts in the parking lot every hour or so, and more frequently on windy days. By allowing its carts to collect unattended for an extended period in the sloped parking lot on a windy day, Staples may be found to have thereby created a dangerous condition of carts rolling freely in the lot (*cf. DiFranco v Golub Corp.*, 241 AD2d 901 [1997]).

These circumstances are distinguishable from those in *Zuk v Great Atl. & Pac. Tea Co., Inc.* (21 AD3d 275 [2005]), in which the defendant store kept its shopping carts within an enclosed corral, and the plaintiff was hit by a single cart which had somehow been removed from that safeguard; in that case, there was no evidence that the store had notice of the loosed cart. Here, the store's carts were allowed to remain loose in the parking lot until collected by store employees. Moreover, the described wind condition was more than merely a rogue gust of wind of which the store would have had no advance notice; it was described as a windy *day*, a circumstance which may be found to create enough notice to the store so as to give it notice of the need to take action to prevent its carts from becoming dangerous projectiles.

Issues of fact also exist as to the relative fault of the store and

recall more than once seeing shopping carts on the side of the southbound lane of [the highway] in the vicinity of the driveway from [the store] . . . ."

the individual defendant. Accordingly, the order denying Staples' motion for summary judgment ought to be affirmed.