■ TOMMIE ROBINSON, Respondent, v ANTHONY C. BARONE, Individually and Doing Business as ANTHONY C. BARONE BUILDERS and Others, et al., Appellants. [851 NYS2d 767]—

Appeals from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered December 29, 2006 in a personal injury action. The order denied defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motions are granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his leg was pinned between a paving machine and a roller machine (roller) in the course of his work laying blacktop. Plaintiff was standing in front of the paver machine and cleaning his rake when he noticed the roller approaching him. Although the driver of the roller attempted to shift it into reverse and plaintiff attempted to move out of its path, neither acted quickly enough to avoid the collision. Plaintiff alleged that defendants Anthony C. Barone, individually and doing business as Anthony C. Barone Builders and doing business as Anthony C. Barone Custom Homes, and Anthony C. Barone General Contracting, Inc. (collectively, Barone defendants), acting together as the general contractor at the site, violated Labor Law § 241 (6), specifically 12 NYCRR 23-9.2 (a), by failing to maintain the roller in proper operating condition. Plaintiff also alleged, inter alia, that defendant Syracuse Supply Company (Syracuse Supply) was negligent in its inspection and repair of the roller prior to selling it to plaintiff's employer and in selling equipment that was not in good repair. Supreme Court denied the motions of defendants for summary judgment dismissing the complaint, concluding that, although they met their initial burdens, plaintiff raised an issue of fact concerning the condition of the roller at the time of plaintiff's accident to defeat the motions.

We reverse inasmuch as we agree with defendants that plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affidavit of plaintiff's expert contained mere speculation with respect to the cause of plaintiff's injury (*see Clough v Szymanski*, 26 AD3d 894, 896 [2006]; *Van Ostberg v Crane*, 273 AD2d 895 [2000]; *Bouter v Durand-Wayland, Inc.*, 221 AD2d 902, 903 [1995]), and it failed to establish a causal relationship between the roller's alleged defects and the accident (*see Murphy v Conner*, 84 NY2d 969, 971-972 [1994]). The foreman's deposition testimony that the driver of the roller indicated that the roller would not change gears constitutes inadmissible hearsay that is unsupported by other evidence, and thus it is insufficient to raise an issue of fact (*see Gier v CGF Health Sys.*, 307 AD2d 729 [2003]).

Plaintiff's deposition testimony that there appeared to be something wrong with the gear shift also is insufficient to raise an issue of fact inasmuch as it is self-serving and speculative (*see Mellon v Benker*, 186 AD2d 1020 [1992]) and, indeed, it contradicted the testimony of the driver of the roller. Furthermore, contrary to the court's determination, the Syracuse Supply mechanic who inspected the roller before it was rented to plaintiff's employer did not testify that he found problems with the roller's hydraulic gear system, nor did he otherwise indicate that the roller had mechanical deficiencies that would have created a safety hazard to plaintiff. Moreover, nothing in the record suggests that a malfunction of the roller was a proximate cause of plaintiff's injuries. Although the roller was designed without a brake, it had two hydraulic motors that used motor oil to control the direction and speed of the roller and, in any event, plaintiff was an experienced blacktop raker who failed to move out of the path of the slow-moving machine that was in plain view (*see Endieveri v County of Oneida*, 35 AD3d 1268 [2006]).

In light of our determination, we need not consider the Barone defendants' remaining contentions. Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.