■ JUSUF BECOVIC et al., Respondents-Appellants, v POISSON & HACKETT et al., Appellants-Respondents. [854 NYS2d 63]—

In this legal malpractice action, plaintiffs are unable to demonstrate that they would have succeeded in the underlying personal injury action "but for" defendants' conduct (*see AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). Contrary to the motion court's conclusion, plaintiffs cannot show that the defendants in the underlying action created the allegedly dangerous condition by an affirmative act of misfeasance (*see Mercer v City of New York*, 88 NY2d 955 [1996]; *Kelly v Berberich*, 36 AD3d 475, 476-477 [2007]), and the claim that said defendants failed to maintain the garage sign that was purportedly the instrumentality that resulted in the injury is not sufficient for this purpose. Plaintiffs also failed to raise an issue of fact regarding notice of the condition, since their sole opposition was hearsay (*see Wertheimer v New York Prop. Ins. Underwriting Assn.*, 85 AD2d 540, 541 [1981]). In view of the dismissal of the instant action, we need not address the arguments on plaintiffs' cross appeal for spoliation sanctions. We note, however, that plaintiffs' position is lacking given the long

period of inaction by their attorneys in this action in failing to avail themselves of the opportunity to seek third-party discovery. Concur—Tom, J.P., Friedman, Nardelli and Catterson, JJ. [*See* 2007 NY Slip Op 32496(U).]