■ SCHARMEL WHITE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [866 NYS2d 41]—

Order, Supreme Court, New York County (Leland G. De-Grasse, J.), entered October 9, 2007, which, in an action by plaintiff tenant against defendant landlord for personal injuries allegedly caused by wetness on an interior stairway in the parties' building, insofar as appealed from, granted defendant's

motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, who allegedly slipped on a wet substance in an interior stairwell of her building, failed to adduce sufficient proof of a specific dangerous condition which caused her injury. The evidence fails to demonstrate a recurring dangerous condition, as opposed to a mere "general awareness" of such a condition, for which defendant is not liable (*see Talavera v New York City Tr. Auth.*, 41 AD3d 135 [2007]). Defendant's janitor testified that he strictly followed the janitorial schedule that was marked as an exhibit at his deposition, according to which, on the day of the accident (the accident occurred that evening), he would have "swept down" all the staircases in the morning, removing "gum, feces, etc.," and "walked down" the stairs in the afternoon, removing "any and all debris" and informing his supervisor "of any and all unusual conditions in the building." The supervisor submitted an affidavit stating that he searched his logbooks for the three-month period prior to the accident and found no reports of any wet conditions in the stairwells by either his staff or the tenants. Moreover, the affidavits which were submitted to rebut defendant's prima facie showing of summary judgment were "conclusory and bereft of any detail" (*see Kelly v Berberich*, 36 AD3d 475, 477 [2007], insufficient to raise a triable issue of fact regarding constructive notice, and conflicted with plaintiff's previous sworn testimony (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318 [2000]). Concur—Mazzarelli, J.P., Catterson, McGuire, Acosta and Renwick, JJ.