OPINION OF THE COURT
Per Curiam.
Order and judgment (one paper), entered December 5, 2012, reversed, with $30 costs, and judgment directed in favor of defendants dismissing the complaint. Appeal from order, entered September 4, 2012, dismissed, without costs, as subsumed in the appeal from the judgment.
This action seeks damages for personal injuries allegedly sustained by plaintiff when she tripped and fell on a recessed vestibule carpet in the lobby of her apartment building. The carpet was set (and glued) into a well and surrounded by a marble floor. According to plaintiff, and as expressly found by the trial court, “[plaintiffs] shoe got caught on the area where the carpet and the marble floor met, her foot came out of her shoe, and she fell forward, landing on the right side of her face on the concrete sidewalk outside the front door.”
We note, initially, that on the record now before us, it is unclear from plaintiffs testimony how her “standard flat shoe” got “stuck on the carpet . . . into that trim [where] the carpet was lower than the marble edge” (cf. Young v City of New York, 250 AD2d 383 [1998]). Nevertheless, even affording plaintiff “every favorable inference which could reasonably be drawn from the evidence” adduced at trial (Rhabb v New York City Hous. Auth., 41 NY2d 200, 202 [1976]), she failed to establish a prima facie case of negligence, as nothing in the record supports a finding that defendants created or had actual or constructive notice of any defective condition (see Zuk v Great Atl. & Pac. Tea Co., Inc., 21 AD3d 275 [2005]). The evidence showed, and it was essentially undisputed, that there were no prior complaints or prior accidents involving the carpet, which was vacuumed three times a day, and “wet vacuumed” when wet. Indeed, the trial court expressly found that
“[t]here was no evidence that anyone had observed a gap between the carpet and the marble floor before [plaintiffs accident] . . . [t]here was no comparative measurement taken of the carpet vis a vis the stone floor before . . . [or] . . . after her fall . . . [and] . . . [t]here is thus no way to know for certain if there was any gap between the carpet and the stone floor or how great the differential was.”
*80 Indeed, plaintiff makes no claim on appeal that defendants had any actual or constructive notice of any defect.
Nor was there any evidence that defendants affirmatively created a dangerous condition (see Walsh v Super Value, Inc., 76 AD3d 371, 375 [2010]; Kelly v Berberich, 36 AD3d 475 [2007]; Sontag v Holiday Val., Inc., 38 AD3d 1350 [2007]; Resto v 798 Realty, LLC, 28 AD3d 388 [2006]). Even were we to consider the testimony of plaintiffs expert, despite his inability to examine the carpet (cf Landy v 6902 13th Ave. Realty Corp., 70 AD3d 649 [2010]; Campanella v Marstan Pizza Corp., 280 AD2d 418 [2001]), his opinion that the gap between the carpet and the marble floor resulted from the carpet losing its resiliency due to improper maintenance, was insufficient for this purpose (see Kelly v Berberich, 36 AD3d at 477; O’Brien v City of Schenectady, 26 AD3d 655, 657 [2006]; DiGrazia v Lemmon, 28 AD3d 926, 928 [2006]; see also Becovic v Poisson & Hackett, 49 AD3d 435 [2008]).
Exercising our authority to review the record developed at trial and render the judgment warranted by the facts (see Northern Westchester Professional Park Assoc, v Town of Bed-ford, 60 NY2d 492, 499 [1983]), we conclude that plaintiff failed to establish by competent evidence any basis to impose liability upon defendants. Were we not reversing, we would find the damage awards to be excessive (see CPLR 5501 [c]).
Lowe, III, EJ., Shulman and Hunter, Jr., JJ., concur.