■ CAROLE ABRAIDO, Appellant, v 2001 MARCUS AVENUE, LLC, et al., Respondents. [4 NYS3d 43]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 7, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law in this action where plaintiff was injured when she tripped and fell over a wheel stop in defendants' parking lot in the early evening. Defendants submitted evidence showing that the wheel stop was an open and obvious condition and not inherently dangerous (see Wachspress v Central Parking Sys. of N.Y., Inc., 111 AD3d 499 [1st Dept 2013]; Broodie v Gibco Enters., Ltd., 67 AD3d 418 [1st Dept 2009]). The evidence demonstrated that the wheel stop's placement had been approved by the local zoning board, the parking lot lights had

been set to turn on at 4:00 p.m., the lights were inspected daily and found to be in good condition on the following day, and there had been no prior complaints about the wheel stop or inadequate lighting.

In opposition, plaintiff failed to raise a triable issue of fact. Her claim that an optical illusion created by inadequate lighting made the wheel stop less visible is insufficient to raise a triable issue of fact, as her testimony established that she was looking toward her car at the time of the accident (see Franchini v American Legion Post, 107 AD3d 432 [1st Dept 2013]). Moreover, a photograph marked at her deposition reveals that the portion of the curb on which plaintiff allegedly tripped was near a light post (see Philips v Paco Lafayette LLC, 106 AD3d 631 [1st Dept 2013]). Plaintiff's affidavit in which she claimed to have been unable to see the surface of the parking lot and wheel stop directly contradicts her earlier testimony and raises only a feigned issue of fact (see Smith v Costco Wholesale Corp., 50 AD3d 499, 501 [1st Dept 2008]). Furthermore, plaintiff failed to rebut defendants' showing that they did not create and had no prior notice of the alleged inadequate lighting condition (see Resto v 798 Realty, LLC, 28 AD3d 388 [1st Dept 2006]). A photograph purporting to accurately depict the layout of the parking lot, apparently taken from a different perspective, lacks probative value as to the nature of the lighting conditions, in the area of her fall, at the time of the accident.

The affidavit of plaintiff's expert was vague and conclusory, and thus insufficient to raise a triable issue, as it failed to reference specific, applicable safety standards or practices in support of his conclusions (see Buchholz v Trump 767 Fifth Ave., LLC, 5 NY3d 1, 8-9 [2005]). Furthermore, the expert's "measurement of light output performed [three] years after the accident is not probative of whether the measure of light output was the same at the time of the accident" (Gilson v Metropolitan Opera, 15 AD3d 55, 59 [1st Dept 2005], affd 5 NY3d 574 [2005]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kapnick, JJ.