■ DAVID A. BARTO, Respondent, v NS PARTNERS, LLC, Respondent, and FERGUSON ELECTRIC CONSTRUCTION CO., INC., Appellant. NS PARTNERS, LLC, Third-Party Plaintiff, v WALTER S. JOHNSON BUILDING COMPANY, INC., Third-Party Defendant-Respondent. [906 NYS2d 664]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered September 3, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant Ferguson Electric Construction Co., Inc. for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint and cross claims against defendant Ferguson Electric Construction Co., Inc. are dismissed.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he allegedly sustained when he grabbed a live wire while working on a hotel construction project. Defendant NS Partners, LLC (NS Partners), the hotel owner, hired third-party defendant, Walter S. Johnson Building Company, Inc. (Johnson), as the general contractor for the project. Johnson in turn hired defendant Ferguson Electric Construction Co., Inc. (Ferguson) to perform electrical work on the project, and plaintiff, an employee of Johnson, was installing acoustic ceiling tiles in the hotel's catering prep area at the time of the accident. Ferguson moved for summary judgment dismissing the complaint and cross claims against it, and Supreme Court denied the motion with the exception of "the claims asserted under Labor Law § 241 (6)[,] which were not opposed by the Plaintiff." We note at the outset that, although plaintiff did not assert a Labor Law § 200 cause of action or claim against Ferguson in the complaint, the bill of particulars includes such a claim. Thus, plaintiff has asserted a cause of action, as amplified by the bill of particulars, for common-law negligence and the violation of Labor Law § 200 (*see generally Cantineri v Carrere*, 60 AD3d 1331 [2009]).

We agree with Ferguson that the court erred in denying that part of its motion with respect to the Labor Law § 200 and common-law negligence cause of action against it (*see generally Bateman v Walbridge Aldinger Co.*, 299 AD2d 834, 836 [2002], *lv denied* 100 NY2d 502 [2003]), inasmuch as Ferguson established its entitlement to judgment as a matter of law and plaintiff failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Ferguson, one of two electrical subcontractors working on the project, met its initial burden on the motion by demonstrating that it did not have "the authority to control the activity bringing about the injury" (*Verel v Ferguson Elec. Constr. Co., Inc*, 41 AD3d 1154, 1156 [2007]), nor did it have the " 'right or authority to control the work site' " (*Riordan v BOCES of Rochester*, 4 AD3d 869, 870 [2004]). Ferguson further established that it neither created nor had actual or constructive notice of the allegedly dangerous condition of the wire (*see McNabb v Oot Bros., Inc.*, 64 AD3d 1237, 1240 [2009]). Ferguson submitted evidence establishing, inter alia, that it had no employees working in the catering prep

area where the accident occurred in the two weeks prior thereto and, indeed, it had refused to work in that area because of payment issues. Ferguson also submitted evidence demonstrating that Johnson's employees performed all of the relevant work in the catering prep area, including demolishing the old ceiling and using the existing lights as temporary lighting for the installation of the new ceiling.

In opposition to that part of the motion with respect to Labor Law § 200 and common-law negligence, plaintiff submitted no evidence with respect to Ferguson's alleged creation of the condition. With respect to actual notice, plaintiff offered only inadmissible hearsay statements and thus failed to raise a triable issue of fact (*see Becovic v Poisson & Hackett*, 49 AD3d 435 [2008]; *Robinson v Barone*, 48 AD3d 1179, 1180 [2008]; *see also Capasso v Kleen All of Am., Inc.*, 43 AD3d 1346 [2007]). Plaintiff likewise failed to raise a triable issue of fact with respect to constructive notice because he submitted no evidence that Ferguson's employees entered the catering prep area in the days leading up to the accident, and thus "constructive notice may not be imputed" to Ferguson (*Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *see generally Boyd v Lepera & Ward*, 275 AD2d 562, 564 [2000]).

We further conclude that the court erred in denying that part of the motion of Ferguson seeking dismissal of all cross claims asserted against it. NS Partners asserted cross claims for contribution, common-law and contractual indemnification, breach of contract, and failure to procure insurance naming NS Partners as an additional insured on Ferguson's insurance policy, while Johnson asserted one cross claim against Ferguson for common-law "contribution and/or indemnification." Ferguson met its initial burden with respect to contribution, and in opposition NS Partners and Johnson were "required to show that [Ferguson] owed [them] a duty of reasonable care independent of its contractual obligations . . . or that a duty was owed plaintiff as an injured party and that a breach of this duty contributed to the alleged injuries" (*Phillips v Young Men's Christian Assn.*, 215 AD2d 825, 827 [1995]). NS Partners and Johnson "failed to assert an independent duty owed to [them]," i.e., independent of Ferguson's contractual obligations (*id.*). Further, as discussed above, Ferguson did not breach any duty owed to plaintiff in this case. Thus, the court should have dismissed the cross claims insofar as they seek contribution (*see Zemotel v Jeld-Wen, Inc.*, 50 AD3d 1586, 1587 [2008]). Because Ferguson did not direct or supervise the injury-producing work, the court also should have dismissed the cross claims insofar as they seek common-law

indemnification (see Colyer v K Mart Corp., 273 AD2d 809, 810 [2000]; see also Myers v T.C. Serv. of Spencerport, Inc., 16 AD3d 1105 [2005]; Szafranski v Niagara Frontier Transp. Auth., 5 AD3d 1111, 1113 [2004]).

With respect to NS Partners' cross claim for contractual indemnification, the agreement between Johnson and Ferguson provided that Ferguson would indemnify the owner, NS Partners, "from any loss because of injury or damage to person or property *arising or resulting from* the performance of the work hereunder" (emphasis added). Inasmuch as Ferguson established that the accident did not arise or result from its work, NS Partners' contractual indemnification cross claim must also be dismissed (see Sorrento v Rice Barton Corp., 17 AD3d 1005, 1006 [2005]).

Finally, with respect to Ferguson's alleged failure to procure insurance naming NS Partners as an additional insured, Ferguson met its initial burden by submitting a certificate of liability insurance naming Johnson and Namwest, the parent company of NS Partners, as additional insureds on a primary basis. In opposition to the motion, NS Partners failed to submit any evidence that Ferguson failed to procure the required insurance or obtained inadequate insurance coverage. Thus, that cross claim also should have been dismissed. Present—Scudder, P.J., Smith, Peradotto, Lindley and Sconiers, JJ.