Rossi v 88th Garage Corp. (2021 NY Slip Op 00132)





Rossi v 88th Garage Corp.


2021 NY Slip Op 00132


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Renwick, J.P., Kern, Mazzarelli, Kennedy, Shulman, JJ. 


Index No. 158380/16 Appeal No. 12828 Case No. 2020-02006 

[*1]Debra Rossi et al., Plaintiffs-Appellants,
v
88th Garage Corp., et al., Defendants-Respondents.


Levine & Slavit, PLLC, New York (Ira S. Slavit of counsel), for appellants.
Pillinger Miller Tarallo, LLP, Elmsford (Patrice M. Coleman of counsel), for 88 Garage Corp., and Geloda/Briarwood Corp., respondents.
Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace (Stephen F. Zaklukiewicz of counsel), for Zipcar, Inc., respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered September 26, 2019, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.
Defendants established prima facie entitlement to judgment as a matter of law where plaintiff Debra Rossi was injured in 2016 when she stepped backwards onto a wheel stop in a parking garage while placing her bag into the back of the car. She testified that she did not look at the ground and did not see the wheel stop. Photographs of the scene taken by plaintiff's husband a few minutes after the accident clearly depict the wheel stop, which is a darker color than the light grey concrete floor of the garage. The court properly concluded that the wheel stop was open and obvious and not inherently dangerous (see Abraido v 2001 Marcus Ave., LLC, 126 AD3d 571 [1st Dept 2015]; Wachspress v Central Parking Sys. of N.Y., Inc., 111 AD3d 499 [1st Dept 2013]).
Plaintiff's affidavit in opposition to defendants' motions failed to raise a triable issue of fact because the affidavit contradicted aspects of her deposition testimony, raising feigned issues of fact (see Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000]). Notably, plaintiff testified during her 2018 deposition that she did not see the wheel stop prior to her accident, did not look at the floor, and did not remember much about the lighting in the area, whereas in her affidavit, she stated that the wheel stop was dark in color and blended into the floor of the garage and that the lighting was dim.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021