Hogan v 590 Madison Ave., LLC (2021 NY Slip Op 03255)





Hogan v 590 Madison Ave., LLC


2021 NY Slip Op 03255


Decided on May 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 20, 2021

Before: Acosta, P.J., Webber, Kennedy, Shulman, JJ. 


Index No. 154493/15 Appeal No. 13877 Case No. 2020-02442 

[*1]John Hogan et al., Plaintiffs-Respondents,
v
590 Madison Avenue, LLC, et al., Defendants-Respondents-Appellants, Commodore Construction Corp., Defendant-Appellant-Respondent.
590 Madison Avenue, LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
OH&M Electric Corp., Third-Party Defendant-Respondent.


Law Office of James J. Toomey (Michael J. Kozoriz of counsel), for appellant-respondent.
Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for respondents-appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for John Hogan and Evelyn Hogan, respondents.
Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Peter S. Read of counsel), for OH&M Electric Corp., respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered April 29, 2020, which, inter alia, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240(1) claim against defendants 590 Madison Avenue, LLC (Madison) and Delphi Financial Group, LLC (Delphi), denied Madison and Delphi's motion for summary judgment on their cross claims and their third-party complaint, denied defendant Commodore Construction Corp.'s (Commodore) motion for summary judgment dismissing Madison and Delphi's contractual and common-law indemnification claims against it, and granted third-party defendant's (OH&M) motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Plaintiff John Hogan's (plaintiff) testimony that he fell from a ladder that suddenly gave way while he was performing work on a construction project at premises owned by Madison and leased by Delphi, established prima facie that he was injured as a result of their failure to provide him with proper protection against elevation-related risks (see Labor Law § 240[1]; Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574 [1st Dept 2019]; Sacko v New York City Hous. Auth., 188 AD3d 546, 547 [1st Dept 2020]).
Madison and Delphi failed to raise an issue of fact as to whether plaintiff's actions were the sole proximate cause of the accident. There is no evidence that either of them provided an appropriate safety device that plaintiff chose not to use or misused (see Collins v West 13th St. Owners Corp., 63 AD3d 621 [1st Dept 2009]). The incident report drafted by plaintiff's supervisor on which defendants rely does not support their claim that plaintiff's act of stepping between a desk and the ladder was the sole proximate cause of his fall. In any event, the report, at most, raises an issue of comparative negligence, which is not a defense to a Labor Law § 240(1) claim (Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 [2003]).
Summary judgment as to Madison and Delphi's contractual indemnification claim against Commodore is precluded by issues of fact as to whether the accident arose out of Commodore's work in installing a ceiling grid. Commodore failed to establish that Madison and Delphi were not entitled to indemnification under the applicable blanket insurance/indemnity agreement executed by Commodore, which required it to hold "Owner," its agents and affiliates harmless against any claim "arising out of or in connection with or as a consequence of the performance of the work." There is evidence that Madison is the owner of the building and that Delphi, the lessee, is affiliated with the Delphi entity that entered into the contract with Commodore for the project (see Guzman v 170 W. End Ave. Assoc., 115 AD3d 462, 463-464 [1st Dept 2014]). Plaintiff's testimony that he fell while or after he was "tweaking" the ceiling grid so that a light fixture would fit, and the accident report, which states that he was putting in [*2]ceiling tiles when the ladder fell and he grabbed the ceiling grid, establish that issues of fact remain as to whether the accident arose out of Commodore's work (see Adagio v New York State Urban Dev. Corp., 168 AD3d 602 [1st Dept 2019]). In addition, issues of fact exist as to whether plaintiff was using a ladder belonging to Commodore when he fell.
Madison and Delphi's common-law indemnification claims were correctly dismissed, as there is no evidence that Commodore or OH&M directed or supervised plaintiff's work or were otherwise negligent (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 378 [2011]; Barto v NS Partners, LLC, 74 AD3d 1717, 1719-1720 [4th Dept 2010]).
Although OH&M executed the same blanket insurance/indemnity agreement as Commodore's, Madison and Delphi failed to rebut OH&M's showing that plaintiff's accident did not arise out of its work (see Wilk v Columbia Univ., 150 AD3d 502 [1st Dept 2017]). The accident occurred before OH&M had installed a light fixture in the part of the ceiling grid where plaintiff was working. Moreover, plaintiff testified that a light fixture nearby fell because he grabbed the ceiling grid as he fell. There is no evidence that the light fixture fell because OH&M installed it improperly. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2021