Bolek-Gawin v White Plains Kensington, LLC (2025 NY Slip Op 06643)

Bolek-Gawin v White Plains Kensington, LLC

2025 NY Slip Op 06643

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Manzanet, J.P., Moulton, Gesmer, Rosado, Hagler, JJ. 

Index No. 24005/20|Appeal No. 5252|Case No. 2025-00130|

[*1]Malgorzata Bolek-Gawin, Plaintiff-Appellant,
v
White Plains Kensington, LLC, et al., Defendants-Respondents.

Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Marks, O'Neill, O'Brien Doherty & Kelly, PC, New York (Laurie DiPreta of counsel), for respondents.

Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about January 3, 2025, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Supreme Court should have denied defendants' motion because triable issues of fact remain as to whether the accident was foreseeable. Plaintiff alleges that her accident occurred while she was seated at a table on an outdoor, elevated terrace at defendants' property. An open patio umbrella was placed inside the table. Plaintiff alleges she heard a sound, as if a key were turning, and then the wind lifted the patio umbrella up from inside the table and the umbrella fell and struck her on the head. At her deposition, plaintiff testified that on the day of her accident the weather was pleasant, with occasional gusts of wind.
Insofar as they are not responsible for "unpredictable vagaries of the weather" (Kelly v Berberich, 36 AD3d 475, 477 [1st Dept 2007]), defendants established prima facie that plaintiff's accident was not foreseeable through both plaintiff's deposition testimony that the accident was caused by a sudden "blast of wind" and defendants' executive director's testimony that such an accident had never occurred before (see id.; Barr v Incorporated Vil. of Atl. Beach, 278 AD2d 188, 188 [2d Dept 2000]). In opposition, plaintiff raised a triable issue of fact as to the foreseeability of the accident through the deposition testimony of defendants' former porter. He testified that defendants' had a practice of removing patio umbrellas on windy days precisely because the wind could "blow[ ] up" an umbrella and cause an accident (see Conlon v Becksmad Assoc., 5 AD3d 286, 286-287 [1st Dept 2004]). Thus, triable issues of fact remain as to whether defendants' failure to secure the umbrella constituted actionable negligence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025