■ MARGARITA MARTINEZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [637 NYS2d 706] —Order of the Supreme Court, New York County (Alfred Lerner, J.), entered September 30, 1994, which granted the defendant-respondent's motion to dismiss the complaint, is unanimously reversed, on the law, the motion denied and the complaint reinstated, without costs or disbursements.

Plaintiff brought this action for injuries suffered when she tripped and fell on a protruding manhole cover. When the case was not settled at a pretrial conference, the court at the Trial Assignment Part directed the parties to select a jury and directed counsel to give their opening statements.

In his opening, plaintiff's counsel told the jury that the plaintiff intended to prove through expert testimony that the raised manhole cover had been that way since the manhole was constructed because the City had improperly installed it. The trial court observed that it was not unusual for abutting property owners to replace sidewalks, and that this may have occurred in this instance, and thus dismissed the complaint on the ground that the plaintiff had failed to prove that the action fell under an exception to the prior written notice requirement. "It is well settled that no complaint should be dismissed on the opening statement of counsel unless it appears beyond doubt that no question of fact is involved; that, accepting as true all the facts stated on the opening and resolving in plaintiff's favor all the material facts in issue, plaintiff nevertheless is precluded from recovery as a matter of law; and that if there be any doubt as to a defendant's right to a dismissal on the law plaintiff should be put to his proof." (*Runkel v City of New York*, 282 App Div 173, 175.)

Plaintiff's counsel made an offer of proof based on the

proposed testimony of a named expert that the manhole in question was improperly installed, thereby creating the defective condition which caused plaintiff's fall. Neither actual nor constructive notice need be proven when the defendant is responsible for causing or creating the defective condition responsible for the injuries to the plaintiff (*Roundpoint v V.N.A., Inc.*, 207 AD2d 123, 126-127). Likewise, it is well settled that, in an action against a municipality, if the municipality created or caused the hazardous condition, prior written notice is not required to maintain the action (*Muszynski v City of Buffalo*, 29 NY2d 810).

The Supreme Court was obligated to "accept as true" all the facts stated on the opening and resolve in plaintiff's favor all the material facts in issue and failed to do so. In addition, the speculation by the court as to the possibility of an abutting property owner replacing the sidewalk imposed a standard of proof upon the plaintiff that went beyond her burden (*Runkel v City of New York, supra*). Accordingly, we reverse the dismissal and reinstate the complaint. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.