■ ANTHONY SOTO, Respondent, v CITY OF NEW YORK, Appellant. [716 NYS2d 1] —Order, Supreme Court, Bronx County

(Bertram Katz, J.), entered September 27, 1999, which, upon reargument, granted defendant's motion to set aside the jury verdict only to the extent of setting aside the verdict as to liability and ordering a new trial thereon, leaving the verdict as to damages intact, unanimously modified, on the law, to direct that the judgment, same court and Justice, entered June 1, 1999 upon said jury verdict, entitling plaintiff to recover from defendant the total amount of $298,260, be vacated, and otherwise affirmed, without costs. Appeal from the aforesaid judgment unanimously dismissed, without costs, as academic.

The motion court properly set aside the verdict as to liability since it was possible, in light of the Court of Appeals decision in *Woodson v City of New York* (93 NY2d 936), handed down subsequent to the trial of this matter, that the jury's general liability verdict for plaintiff had been premised on a theory requiring prior notice to defendant of the stairway defects alleged to have caused plaintiff's harm, and such notice had not been given. *Woodson*, however, did not entitle defendant to a dismissal of the complaint since it was also possible that the general liability verdict had been premised on a theory under which prior notice to defendant of the alleged defects was not essential. There was evidence before the jury upon which it might have found that defendant had not merely caused the complained of defects through inattention but had actually affirmatively created them, and such a finding would have permitted a liability verdict for plaintiff notwithstanding defendant's lack of prior notice of the defects (*see, Martinez v City of New York*, 224 AD2d 242). Accordingly, the motion court appropriately directed a new trial to ascertain whether defendant had, in fact, caused and created the defects in question (*see, Cohen v Interlaken Owners*, 275 AD2d 235, 237). While defendant argues that plaintiff never alleged that it caused and created the cited defects, such argument is not supported by our reading of plaintiff's notice of claim and pleadings.

The damages awarded to plaintiff did not deviate from what would be reasonable compensation under the circumstances (CPLR 5501 [c]; *see, e.g., Garcia v Spira*, 273 AD2d 57). Accordingly, if upon retrial there is a verdict for plaintiff, finding that defendant caused and created the alleged stairway defects, judgment may be entered based on the verdict as to damages returned at the first trial, the validity of which is unaffected by our vacatur of the June 1, 1999 judgment. We vacate that judgment solely because a money judgment in plaintiff's favor cannot be permitted to stand in advance of any sustainable verdict as to liability against defendant.

We have considered defendant's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Williams, Mazzarelli, Andrias and Saxe, JJ.