■ MARKSEA P. TORRES, an Infant, by His Mother and Natural Guardian, JEANETTE P. TORRES, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Defendant, and DIMAZINE NEWSSTAND, INC., Respondent. [759 NYS2d 72] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 22, 2002, which, to the extent appealed from as limited by plaintiffs' brief, granted defendants' motion for summary judgment dismissing the complaint as against defendant Dimazine Newsstand, Inc., unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and the matter remanded for further proceedings before a different Justice.

The eight-year-old plaintiff's throat was cut when he reached for a candy bar at a subway newsstand, owned and operated by defendant pursuant to a license with defendant New York City Transit Authority, and fell onto a hook used to display nuts. Plaintiff supported himself with one hand on a news rack at the base of the newsstand and reached with his other hand for the candy, located above the display of nuts. However, the news rack moved when plaintiff leaned on it and plaintiff fell forward onto one of the display hooks. While the news rack, constructed of three interlocking pieces of wood and formica, is assembled and disassembled every day and ordinarily is secured to the newsstand itself, defendant, whose president is responsible for arranging the display, offered no evidence that it was secured to the newsstand on the day of plaintiff's accident. Thus, defendant failed to establish as a matter of law on its own motion for summary judgment that it did not create the dangerous condition (*see Linett v Budget Rent-A-Car*, 296 AD2d 302 [2002]). Accordingly, the motion court erred in holding that plaintiffs failed to show that defendant was negligent because they failed to prove that defendant had either actual or constructive notice of the alleged defect (*see Martinez v City of New York*, 224 AD2d 242, 243 [1996] ["Neither actual nor constructive notice need be proven when the defendant is responsible for causing or creating the defective condition responsible for the injuries to the plaintiff"]). Given that, in

general, children like candy (*see Alessi v Mutual of Omaha,* 52 Misc 2d 650, 652 [1966], *affd* 29 AD2d 632 [1967]) and are short and, in light of the evidence that the candy at the newsstand was just beyond this infant plaintiff's reach, the issues of whether the accident was foreseeable and was proximately caused by a dangerous condition created by defendant should be resolved by a jury (*see Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]). Concur—Buckley, P.J., Mazzarelli, Sullivan, Ellerin and Lerner, JJ.