[780 NYS2d 333]

Stephen Bombero et al., Respondents-Appellants, v NAB Construction Corp. et al., Appellants-Respondents.

First Department, July 22, 2004

APPEARANCES OF COUNSEL

*Fiedelman & McGaw,* Jericho (*Ross P. Masler* of counsel), and *Fiedelman, Garfinkel & Lesman,* New York City, for appellants-respondents.

*Kahn, Gordon, Timko & Rodriques, P.C.*, New York City (*Thomas B. Grunfeld* of counsel), for respondents-appellants.

## OPINION OF THE COURT

LERNER, J.

Plaintiff, a construction engineer and surveyor, sustained personal injuries in the course of his employment at a platform reconstruction project at a Metro North station in Manhattan. At the time of the incident, plaintiff was employed by nonparty S.T.V. Incorporated, which had been hired by defendant Bechtel Infrastructure Corp. (Bechtel), the construction manager at the project. Defendant NAB Construction Corp. (NAB) was the general contractor on the project.

Plaintiff subsequently brought the instant action, alleging various causes of action under the Labor Law, including section 200. The action proceeded to trial and after both sides rested, NAB moved to dismiss the Labor Law § 200 cause of action, arguing that NAB owed no duty to plaintiff, as a matter of law, since the alleged hazard was an inherent part of plaintiff's employment and was open, obvious and readily observable by plaintiff. The trial court reserved decision and submitted the case to the jury. The jury subsequently returned a verdict in favor of the plaintiff, finding specifically that NAB was 60% at fault and plaintiff was 40% at fault.

It is well settled that Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). The Court of Appeals has held, however, that this duty does not extend to hazards which are "part of or inherent in" the very work being performed or to those hazards that may be readily observed by reasonable use of the senses in light of the worker's age, intelligence and experience (*see Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]; *Meyers v City of New York*, 230 AD2d 691 [1996], *lv dismissed* 89 NY2d 1085 [1997]; *Musillo v Marist Coll.*, 306 AD2d 782 [2003]).

At trial, plaintiff testified that as a senior inspector of concrete and steel construction at the project, one of his primary duties was to inspect the installation of steel reinforcement bars (re-

bars), which were placed within the wooden forms of the platform, before concrete could be poured. In order to take accurate measurements and to inspect the placement of the rebar properly, plaintiff testified that he was sometimes required to traverse the rebar since the wooden planking placed across the exposed rebar was approximately 3 to 4 feet wide and the platform area to be inspected was between 14 and 25 feet wide. Likewise, plaintiff's own expert conceded that part of plaintiff's job as an inspector would require him to traverse the exposed rebar. On the day of the incident, plaintiff testified that although he saw that the planking had been removed by NAB and that the planking could have been easily replaced, and although he knew traversing the exposed rebar posed a danger, he decided to walk across the rebar, causing him to lose his footing and to sustain an injury to his right knee.

Since the existence and scope of an alleged tortfeasor's duty is a question of law (see *Fernandez v Otis El. Co.*, 4 AD3d 69, 72 [2004]), the determination of whether NAB violated its duty to provide a safe workplace turns on whether walking on an exposed rebar was "part of or inherent in" plaintiff's employment as a concrete inspector. This issue of law should have been determined by the court, not the jury. On this record, particularly the testimony of plaintiff and his expert, there is no question that NAB owed no duty to plaintiff since the alleged hazard was clearly "part of or inherent in" plaintiff's job as a concrete inspector, and since this hazard was readily observable. It has been held that "[w]hen a worker confronts the ordinary and obvious hazards of his employment, and has at his disposal the time and other resources . . . to enable him to proceed safely, he may not hold others responsible if he elects to perform his job so incautiously as to injure himself" (*Marin v San Martin Rest., Inc.*, 287 AD2d 441, 442 [2001] [internal quotation marks and citations omitted]).

In light of the foregoing, plaintiff's remaining arguments regarding the inconsistency of the verdict need not be reached.

Accordingly, the judgment of the Supreme Court, New York County (Barbara R. Kapnick, J.), entered May 21, 2003, which, after a jury verdict, awarded plaintiff Stephen Bombero damages in the amount of $193,964.97, should be reversed, on the law, without costs, defendants' motion to dismiss granted, the jury award vacated and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

TOM, J.P., MAZZARELLI, ANDRIAS and ELLERIN, JJ., concur.

Judgment, Supreme Court, New York County, entered May 21, 2003, reversed, on the law, without costs, defendants' motion to dismiss granted, the jury award vacated and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.