■ EMILIANO MAZA, Respondent, v UNIVERSITY AVENUE DEVELOPMENT CORP. et al., Appellants. (And a Third-Party Action.) [786 NYS2d 149]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered April 9, 2004, which, in an action by a laborer for personal injuries sustained when he tripped over debris and snow and ice in an interior courtyard at a construction site, insofar as appealed from, denied defendant owners' and general contractor's motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for partial summary judgment determining the general contractor's liability under Labor Law §§ 200 and 241 (6) and the owners' liability under Labor Law § 241 (6), unanimously affirmed, without costs.

The general contractor was correctly found liable under Labor Law § 200 based on its employee's deposition testimony that it had authority to direct the various trades to clean up and had also directed its own employees to always keep the site clean (compare Hoelle v New York Equities, 258 AD2d 253 [1999]), and plaintiff's deposition testimony, not disputed, that construction debris had been present and continued to accumulate in the courtyard area during the entire four months he was at the site. However, with respect to the site's owners, neither side made a prima facie showing of either notice or supervisory authority (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Liability under section 200 is not negated by plaintiff's awareness that workers were throwing debris into the courtyard, or by the "open and obvious" nature of any danger; rather, these factors go to plaintiff's comparative negligence (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 73 [2004]; Tulovic v Chase Manhattan Bank, 309 AD2d 923 [2003]).

Concerning the claims under Labor Law § 241 (6), we find that the courtyard, which was completely enclosed by surrounding buildings and had to be traversed by plaintiff to get to and from his work area, was not a "passageway" under 12 NYCRR

23-1.7 (e) (1) (*see Jennings v Lefcon Partnership*, 250 AD2d 388 [1998], *lv denied* 92 NY2d 819 [1999]; *O'Gara v Humphreys & Harding*, 282 AD2d 209 [2001]), but was a "working area" under 12 NYCRR 23-1.7 (e) (2) (*see Canning v Barneys N.Y.*, 289 AD2d 32, 34-35 [2001]). We also find that the pieces of wood, sheet rock and snow/ice that allegedly caused plaintiff to fall were "debris," "scattered . . . materials" and "dirt" within the meaning of the latter regulation (*see id.* at 35; *Boss v Integral Constr. Corp.*, 249 AD2d 214 [1998]), and were not integral to plaintiff's work as a bricklayer (*compare Vieira v Tishman Constr. Corp.*, 255 AD2d 235 [1998]). Negligence on plaintiff's part may require an apportionment of liability but does not absolve defendants of their own liability under section 241 (6) (*see Keegan v Swissotel N.Y.*, 262 AD2d 111, 114 [1999], *lv dismissed* 94 NY2d 858 [1999]).

We have considered defendants' other arguments and find them unavailing. Concur—Sullivan, J.P., Ellerin, Lerner, Marlow and Catterson, JJ.