■ Darshan Singh et al., Respondents, v Young Manor, Inc., Defendant and Third-Party Plaintiff-Appellant. Christie's Enterprises, Ltd., Third-Party Defendant-Respondent. [804 NYS2d 65]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered June 9, 2004, upon a jury verdict, awarding plaintiff damages, unanimously affirmed, without costs.

Defendant Young Manor was properly found liable under Labor Law § 200 on the ground that it created the hazard that caused plaintiff's injury. Given defendant's creation of the hazard, proof that it had supervision and control of the injury-producing work was unnecessary (see Murphy v Columbia Univ., 4 AD3d 200, 202 [2004]), as was proof that defendant had notice of the hazard (see Torres v New York City Tr. Auth., 305 AD2d 165 [2003]; Soto v City of New York, 276 AD2d 449 [2000]; Martinez v City of New York, 224 AD2d 242, 243 [1996]).

In light of the circumstances under which the accident occurred, i.e., plaintiff stepped on a nail near a pile of debris in the work area that had been permitted to accumulate for several days, Industrial Code (12 NYCRR) § 23-1.7 (e) (2) is applicable to support plaintiff's Labor Law § 241 (6) claim (see Maza v University Ave. Dev. Corp., 13 AD3d 65 [2004]; Canning v Barneys N.Y., 289 AD2d 32 [2001]). Nor, in light of the accumulated debris, is there merit to defendant's contention that hazard must be viewed as having been an integral part of plaintiff's work removing wood paneling (see Maza, supra).

Defendant's contentions that the jury verdict failed to address an essential element of plaintiff's Labor Law § 241 (6) cause of action, namely, whether violation of Industrial Code § 23-1.7 (e) (2) constituted negligence, and that such failure was inconsistent with the court's charge, are unpreserved, no objection having been made to the jury sheet (see Laboda v VJV Dev. Corp., 296 AD2d 441 [2002]). In any event, the court's charge, together with the verdict sheet, conveyed to the jury that it was not to proceed to determine whether violation of Industrial

Code § 23-1.7 (e) caused plaintiff's injury unless it found that such violation constituted negligence. Accordingly, defendant was not prejudiced by the verdict sheet omission (*see Brewster v Prince Apts.*, 264 AD2d 611, 616 [1999], *lv denied* 94 NY2d 762 [2000]).

The third-party indemnification claim was properly dismissed in view of the verdict finding defendant affirmatively negligent (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786 [1997]). Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.