(February 5, 2008)

■ Peter Tighe, Respondent, v Hennegan Construction Co., Inc., et al., Appellants-Respondents, and Liberty Contracting Corp., Respondent-Appellant, et al., Defendant. [850 NYS2d 417]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered January 10, 2007, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Hennegan Construction Co., Inc. and DBAB Wall Street, LLC for summary judgment on their cross claims against defendant Liberty Contracting Corp. for common-law and contractual indemnification, granted Liberty's cross motion for summary judgment dismissing Hennegan's and DBAB's cross claims against it for common-law and contractual indemnification and for breach of contract, denied Hennegan's motion and Liberty's cross motion for summary judgment dismissing plaintiff's claims of common-law negligence and violations of Labor Law § 200 as against them, and denied Hennegan's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim predicated on a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2) as against it, modified, on the law, so as to deny Liberty's cross motion for summary judgment dismissing Hennegan's and

DBAB's cross claims against it for contractual and common-law indemnification, grant Hennegan's and DBAB's motion for summary judgment on their cross claims against Liberty for contractual and common-law indemnification, and grant Hennegan's motion for summary judgment dismissing plaintiff's claims of common-law negligence and violations of Labor Law § 200 as against it, and otherwise affirmed, without costs.

Plaintiff's claims of common-law negligence and violations of Labor Law § 200 should have been dismissed as against Hennegan, the construction manager, because Hennegan did not exercise any control or supervision over the demolition work out of which the injury arose (see Singh v Black Diamonds LLC, 24 AD3d 138, 140 [2005]).

However, the claims were properly sustained as against Liberty, the demolition subcontractor, as Liberty unquestionably supervised the work out of which the claims arose. That the hazard at issue—debris accumulated as a result of the demolition—was readily observable does not absolve Liberty of liability, because the hazard was not inherent in the work being performed by plaintiff, an electrician, at the time of the accident (see Bombero v NAB Constr. Corp., 10 AD3d 170, 171 [2004]). Similarly, plaintiff's Labor Law § 241 (6) claim predicated on 12 NYCRR 23-1.7 (e) (2) was properly sustained as against Hennegan, because the debris was not an integral part of the work being performed by the plaintiff at the time of the accident (see Maza v University Ave. Dev. Corp., 13 AD3d 65, 65-66 [2004]).

DBAB, the owner, and Hennegan should have been granted summary judgment on their claim for contractual indemnification against Liberty, notwithstanding that the indemnification requirement was embodied in an agreement executed after the accident in question, as they submitted competent evidence sufficient to establish that the agreement was actually entered into before the accident date and that the parties intended that it apply as of when it was entered into, and none of the evidence was controverted by Liberty (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 371 [2005]). Furthermore, summary judgment should have been granted to DBAB and Hennegan on their claim for common-law indemnification against Liberty, since they were free from active negligence and Liberty had direct control over the work giving rise to the injury (see Rodriguez v Metropolitan Life Ins. Co., 234 AD2d 156, 156 [1996]).

Finally, we decline to review the court's dismissal of DBAB's and Hennegan's cross claim against Liberty for breach of contract based on Liberty's alleged failure to procure insurance, as that particular issue is not preserved for review. Concur—Lippman, P.J., Mazzarelli, Buckley and Sweeny, JJ.

Andrias, J., dissents in part in a memorandum as follows: While I otherwise agree with the majority, I would further modify the order appealed from to dismiss plaintiff's claims of common-law negligence and violations of Labor Law § 200 as against Liberty Contracting Corp., the demolition subcontractor. Although Liberty unquestionably supervised the work out of which the claims arose, the hazard at issue—sheetrock debris accumulated during the ongoing interior demolition work—was "part of or inherent in" the work being performed at the time of the accident (*see Bombero v NAB Constr. Corp.*, 10 AD3d 170, 171 [2004], quoting *Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]). Similarly, plaintiff's Labor Law § 241 (6) claim predicated on 12 NYCRR 23-1.7 (e) (2) should have been dismissed as against Hennegan, because plaintiff slipped on the accumulation of debris on the floor while stringing temporary lights to make sure the area being demolished was well lit. Unlike the debris in *Maza v University Ave. Dev. Corp.* (13 AD3d 65 [2004]), the case relied upon by the majority, the accumulation of debris here was clearly an integral part of the work being performed at the time of the accident, and the accumulation of debris was an unavoidable and inherent result of the ongoing demolition project (*see Bond v York Hunter Constr.*, 270 AD2d 112, 113 [2000], *affd* 95 NY2d 883 [2000]). This is not a situation where the debris was left at the work site overnight or longer without being removed (*see e.g. Singh v Young Manor, Inc.*, 23 AD3d 249 [2005]). There was no evidence that it was allowed to accumulate over time, as was the case in *Maza* (13 AD3d at 65).