■ EDWARD RUANE, Respondent, v THE ALLEN-STEVENSON SCHOOL et al., Appellants. F.J. SCIAME CONSTRUCTION CO., INC., Third-Party Plaintiff-Appellant, v MET SALES & INSTALLATIONS

Corp., Third-Party Defendant-Respondent. (And Another Third-Party Action.) [919 NYS2d 160]—

In August, 2005, plaintiff Edward Ruane, a sheet metal worker employed by Met Sales & Installations Corp., sustained a knee injury when he slipped and fell on construction debris in a stairwell. Ruane commenced this personal injury action against The Allen-Stevenson School, as owner of the building, and F.J. Sciame Construction Co., Inc. and Sciame Development, Inc, as general contractors. F.J. Sciame filed a third-party action against Met asserting that Met was obligated to indemnify F.J. Sciame for Ruane's injuries pursuant to an indemnification rider incorporated by reference into the purchase order for the job. Met denied that it had agreed to be bound by the rider.

In determining whether the parties entered into a contractual agreement and what its terms were, it is necessary to look to the objective manifestations of the intent of the parties, as evidenced by the totality of their expressed words and deeds. The court must look to the attendant circumstances, the situation of the parties, and the objectives they were striving to attain (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397 [1977]; *see also Kowalchuk v Stroup*, 61 AD3d 118 [2009]; *Tighe v Hennegan Constr. Co., Inc.*, 48 AD3d 201 [2008]). F.J. Sciame failed to make a prima facie showing that the unsigned documents called "Terms and Condition of the Purchase Order" and "Vendor Insurance Indemnification Rider," were part of the purchase order contracts such as to entitle it to indemnity from Met.

As the fact-dependent nature of the *Brown* rule suggests, in many instances the issue of whether or when an indemnification agreement came into being, in the absence of a signed document, will present a question to be resolved by the trier of fact (*Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363 [2005]). This case is such an instance.

The motion court also properly found that questions of fact as to constructive notice of the alleged dangerous condition

precluded summary judgment dismissing the common-law negligence and Labor Law § 200 claims (*see Maza v University Ave. Dev. Corp.*, 13 AD3d 65 [2004]; *see also, Moser v BP/CG Ctr. I, LLC*, 56 AD3d 323 [2008]). Concur—Mazzarelli, J.P., Saxe, Friedman, Acosta and Freedman, JJ.