Order, Supreme Court, New York County (Richard F. Braun, J.), entered February 5, 2013, which, to the extent appealed from, denied third-party defendant’s motion for summary judgment dismissing third-party plaintiffs’ claims for contractual indemnification, unanimously affirmed, without costs.
Although third-party plaintiffs did not produce a written, executed contract covering their maintenance service arrangement with third-party defendant at the time plaintiff Felix Moyano was injured, they submitted copies of unsigned contracts and evidence that raises issues of fact whether the parties intended to be bound by a maintenance agreement and whether the agreement contained indemnity and additional insured provisions (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 368-369 [2005]; Ruane v Allen-Stevenson School, 82 AD3d 615, 616 [1st Dept 2011]; John William Costello Assoc. v Standard Metals Corp., 99 AD2d 227, 231 [1st Dept 1984], appeal dismissed 62 NY2d 942 [1984]). It is undisputed that third-party defendant continued to provide maintenance services beyond the term of the parties’ initial contract, executed in or about 1993, and there is evidence, apart from the continued performance, that the terms of the agreement were renewed. Written *613 provisions for indemnity and additional insurance are set forth on a sheet of third-party defendant’s letterhead that appears to have been appended to previous letter agreements between the parties. A liability insurance policy exists that covered the date of plaintiffs injury, and there is deposition testimony that also tends to substantiate third-party plaintiffs’ allegation that the parties included provisions for contractual indemnity and additional insured coverage. Although third-party defendant’s president testified that the full terms of the parties’ maintenance service arrangement were set forth in a two-page letter, he does not appear to have addressed any of the evidence that suggests that additional terms likely dictated the arrangement; thus, his testimony merely presents an issue of fact.
Contrary to third-party defendant’s contention, the indemnity third-party plaintiffs seek is not barred by General Obligations Law § 5-322.1, since the indemnity provision in the submitted unsigned contract limits the obligation to indemnify “[t]o the fullest extent permitted by law” (see Brooks v Judlau Contr., Inc., 11 NY3d 204 [2008]; Dutton v Pankow Bldrs., 296 AD2d 321 [1st Dept 2002], lv denied 99 NY2d 511 [2003]). Concur— Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ.