■ CHRISTOPHER TAMAS, Respondent, v CITY OF NEW YORK et al., Appellants. [979 NYS2d 52]—

Defendants have not submitted any evidence establishing prima facie that the subject 2000 Ford F-350 utility pickup truck assigned to plaintiff was suitable for the intended use as a "lead vehicle," the operator of which is required to frequently exit and enter the vehicle to, among other things, issue summonses and apply stickers to cars parked in violation of street cleaning rules (cf. *Cleary v Dietz Co.*, 222 NY 126, 132-133 [1917]). In any event, plaintiff raised a triable issue of fact as to whether the truck was suitable for such intended use by submitting his testimony and affidavit showing that the floor of the subject truck was about 28 inches from the ground, that he had to hop up and hoist himself to get into the truck, that he had complained to his supervisor that the subject vehicle was too high to be used as a lead vehicle, that the DOS had in the past welded steps and installed entry handles onto similar trucks, and that a Ford Taurus sedan was normally assigned for his use as a lead vehicle.

Contrary to defendants' contention, the height condition was not "part of or inherent in" plaintiff's work (*Bombero v NAB Constr. Corp.*, 10 AD3d 170, 171 [1st Dept 2004]). The risks associated with frequent alighting and reentering of a high-entry vehicle was not typical of a lead vehicle operator's duties (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 506 [2012]). Nor does the readily observable nature of the height condition (*Bombero*, 10 AD3d at 171) negate liability, as plaintiff's evidence raises a triable issue of fact as to whether he could have boarded the truck in a safer manner (cf. *Bodtman v Living Manor Love, Inc.*, 105 AD3d 434 [1st Dept 2013]; *Abbadessa v Ulrik Holding*, 244 AD2d 517 [2d Dept 1997], *lv denied* 91 NY2d 814 [1998]).

We have reviewed defendants' remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Freedman and Clark, JJ.