(May 22, 2014)

■ PATRICIA DAVIS, as Administratrix of the Estate of JANICE CAMPBELL-PEGRAM, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondent, et al., Defendant. [986 NYS2d 449]—

Order, Supreme Court, New York County (Peter H. Moulton, J.), entered April 18, 2012, which, upon defendants-respondents' posttrial motion, set aside the jury award in plaintiff's favor and dismissed the complaint, unanimously modified, on the law, to deny the motion to dismiss the complaint, remand the matter for a new trial, with proof confined to the theories set forth in the notice of claim, and otherwise affirmed, without costs.

Plaintiff alleges that her decedent was injured when her motorized wheelchair flipped over, causing her to be thrown onto the floor of the bus on which she and her husband were traveling. The decedent died of breast cancer about 14 months after the accident.

In her initial notice of claim, plaintiff alleged that the accident happened at or near 124th Street near Marcus Garvey Park and that the decedent was thrown out of her wheelchair because the bus driver, defendant Roland Lewis, was negligently driving at a high speed and had failed to properly secure her wheelchair to the interior of the bus. This was also alleged in the amended complaint and the bill of particulars. Plaintiff subsequently amended her notice of claim to allege that the accident occurred at 120th Street. However, at trial, the decedent's husband testified that the accident happened at the intersection of 124th Street and Mount Morris West, when Lewis failed to stop at a blinking red light and two stop signs, and continued through the intersection as the decedent fell over and into the stairwell of the bus. He also testified that, had Lewis stopped at the traffic signals, the accident would not have happened. The court instructed the jury, inter alia, that, if it determined that Lewis had failed to stop at an intersection marked by two stop signs and a blinking red light, then it could use that failure to

determine that he was driving negligently in the seconds preceding the accident.

The trial court correctly set aside the jury's verdict because the evidence presented at trial substantially altered the theory of liability set forth in the notice of claim. While the change of location of the accident was not itself substantive, we find the additional testimony, i.e., that the decedent's injuries were caused by Lewis' failure to stop at a stop sign or a blinking red light, was not alleged in the notice of claim, and thereby substantially altered the nature of the claim. Further, plaintiff's time to amend the notice of claim to assert that theory has expired (see General Municipal Law § 50-i [1]; *Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [1st Dept 2004]; *Barksdale v New York City Tr. Auth.*, 294 AD2d 210, 211 [1st Dept 2002]). Contrary to plaintiff's contention, defendants were not required to demonstrate that their investigation was prejudiced, because plaintiff never sought to amend her notice of claim pursuant to General Municipal Law § 50-e (6) (*see Seise v City of New York*, 212 AD2d 467 [1st Dept 1995]).

Notwithstanding that the jury verdict was correctly set aside, dismissal of the complaint is not warranted because the theories set forth in the amended notice of claim were supported by evidence at trial and could have resulted in a jury verdict of liability. The jury could reasonably have concluded that Lewis's negligence in failing to properly secure the motorized wheelchair to the interior of the bus and driving too fast caused the decedent's injuries. Under the circumstances, a new trial is warranted excluding evidence of negligence not set forth in the notice of claim (*see Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239 [2d Dept 2004]; *Barksdale*, 294 AD2d at 211).

Since the evidence supporting plaintiff's new theory of liability could have affected the jury's award of damages for past pain and suffering, the damages issue must also be retried (*compare Soto v City of New York*, 276 AD2d 449 [1st Dept 2000]). Concur—Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.