■ CARLO CORETTO et al., Appellants, v EXTELL WEST 57TH STREET, LLC, et al., Respondents, et al., Defendants. [29 NYS3d 273]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered October 20, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion to vacate an order granting, on default, defendant Five Star Electric Corp.'s cross motion for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims as against it, and to renew defendants Extell West 57th Street, LLC and Bovis Lend Lease LMB, Inc.'s cross motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against them, unanimously modified, on the law, to grant the part of plaintiffs' motion seeking to vacate the order granting summary judgment to Five Star, and otherwise affirmed, without costs.

Plaintiffs proffered a reasonable excuse for their default and demonstrated a meritorious cause of action in support of their

motion to vacate the order granting electrical subcontractor Five Star summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims as against it (*see Goldman v Cotter*, 10 AD3d 289, 291 [1st Dept 2004]). The record supports plaintiffs' claim that they never received Five Star's motion papers and were unaware that the motion had been made. As to the merits, the testimonial evidence showing that Five Star owned the PVC pipes that caused plaintiff's fall, along with the testimony of construction manager Bovis's site safety manager and Five Star's general foreman concerning Five Star's storage of pipes, raises an issue of fact as to whether Five Star had the authority to supervise and control the injury-producing work so as to render it liable as a statutory agent under Labor Law §§ 200 and 241 (6) (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *Tighe v Hennegan Constr. Co., Inc.*, 48 AD3d 201 [1st Dept 2008] [section 200]; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 192-193 [1st Dept 2011] [section 241 (6)]).

In support of their motion to renew Extell West 57th and Bovis's motion, plaintiffs failed to offer a reasonable excuse for their failure to submit on the original motion the affidavit that they now seek to introduce (*see Chelsea Piers Mgt. v Forest Elec. Corp.*, 281 AD2d 252 [1st Dept 2001]). Concur—Friedman, J.P., Andrias, Saxe and Richter, JJ.