Langer v MTA Capital Constr. Co. (2020 NY Slip Op 03171)





Langer v MTA Capital Constr. Co.


2020 NY Slip Op 03171


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Acosta, P.J., Manzanet-Daniels, Kapnick, Oing, JJ.


10741N 159912/14

[*1] Carl Langer, et al., Plaintiffs-Respondents,
v
MTA Capital Construction Company, et al., Defendants-Appellants-Respondents.
MTA Capital Construction Company, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
E-J Electric Installation Company, Third-Party-Defendant-Respondent-Appellant, Hatzel and Buehler, Inc., Third-Party Defendant-Respondent.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellants-respondents.
Cullen and Dykman LLP, New York (Sasha Chegini of counsel), for respondents-appellants.
Michael J. Aviles Law, LLC, New York (Natascia Ayers of counsel), for Carl Langer and Tara Langer, respondents.
Ahmuty, Demers & McManus, Albertson (Glenn A. Kaminska of counsel), for Hatzel and Bluehler, Inc., respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered February 1, 2019, which, to the extent appealed from as limited by the briefs, denied defendants Plaza Construction Corp., Plaza Construction LLC and Schiavone Construction Co. LLC (collectively, PSJV) summary judgment dismissing plaintiffs' common-law negligence, Labor Law § 200 and Labor Law § 241(6) claims, granted plaintiffs summary judgment against PSJV on their common-law negligence and Labor Law § 200 claims, denied PSJV and MTA Capital Construction Company (MTA) summary judgment on their claims of contractual indemnity against third-party defendant Hatzel and Buehler, Inc. (Hatzel), granted Hatzel summary judgment dismissing these claims, denied PSJV summary judgment on their claims of contractual indemnity against third-party defendant E-J Electric Installation (E-J), granted E-J summary judgment dismissing these claims, denied PSJV and MTA summary judgment on their breach of contract claim against Hatzel, granted PSJV and MTA summary judgment on their breach of contract claim against E-J, denied E-J summary judgment dismissing this claim, granted Hatzel's motion dismissing E-J's cross claims against it, and denied E-J summary judgment on its cross claim for contractual indemnification against Hatzel, unanimously modified, on the law, to dismiss plaintiffs' claim pursuant to Labor Law § 241(6), to dismiss defendants' breach of contract claim against E-J, and otherwise affirmed, without costs.
This action is the rare case where summary judgment was appropriately granted in plaintiffs' favor on their claims of Labor Law § 200 and common-law negligence. Here, PSJV, the entities responsible for site cleanliness and trade coordination, at a time when the project was [*2]open to the elements, covered a recessed area of the third floor, where rainwater regularly collected, with non-waterproof planking, and never inspected it for water accumulation. Further, PSJV did not warn plaintiff or his employer that he was working under the recessed area, and when he drilled into the second floor ceiling to affix electrical equipment, the sludgy, oily water poured down onto him, causing him to lose his balance and injure himself. Thus, plaintiffs made a prima showing that the accident occurred due to a defective condition on the premises of which PSJV had actual notice, having caused and created it (see Prevost v One City Block LLC, 155 AD3d 531, 534 [1st Dept 2017]; Ruane v Allen-Stevenson School, 82 AD3d 615 [1st Dept 2011]). In response, PSJV failed to adduce credible evidence that anyone else, including plaintiff electrician, negligently caused the accident.
However, plaintiffs' claim pursuant to Labor Law § 241(6) should have been dismissed. While Industrial Code §§ 23-1.8(a) and (c)(3) are sufficiently specific to support such a claim (see Roque v 475 Bldg. Co., LLC, 171 AD3d 543, 544 [1st Dept 2019]; Willis v Plaza Constr. Corp., 151 AD3d 568 [1st Dept 2017]), and were arguably violated, such violations could not form the proximate cause of the accident here (see Trippi v Main—Huron, LLC, 28 AD3d 1069, 1070 [4th Dept 2006]; Cunningham v Alexander's King Plaza, LLC, 22 AD3d 703, 707 [2d Dept 2005]). Plaintiff's injuries were not the result of either improper eyewear or clothing. Moreover, plaintiff did not allege that he sustained an eye injury (see e.g. Roque 171 AD3d at 544).
That portion of defendants' motion seeking summary judgment on their claims of breach of the insurance procurement clauses against E-J and Hatzel were properly denied (see Kinney v Lisk Co., 76 NY2d 215, 219 [1990]). The record indicates that both of those parties purchased blanket endorsements to their respective policies adding as additional insureds those entities to whom they were contractually obligated to afford coverage, i.e. defendants. Indeed, E-J purchased just such an endorsement, and contracted with Hatzel for Hatzel to purchase such coverage, fulfilling their obligations twice over. However, at this time, that claim is dismissed as against E-J only, as Hatzel did not appeal that aspect of the order.
The court correctly dismissed defendants' indemnity claims as against Hatzel, as the provision in the contract between E-J and Hatzel required Hatzel to indemnify defendants only where there was evidence that Hatzel was negligent, which it was not here. PSJV's claim against E-J for indemnity should have been dismissed as well. Defendants are correct that the contract between those parties did not require a showing of negligence, and the contract contained a "savings clause" to prevent automatically running afoul of the General Obligations Law (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 [2008]). However, given that PSJV has been found negligent, and all other parties have been found free of negligence, there is no scenario under which E-J can be obligated to pay a portion of any judgment assessed against PSJV. Thus, the claim should have been dismissed (compare Hernandez v Argo Corp., 95 AD3d 782, 784 [1st
Dept 2012]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK