Drummond v 450 Partners LLC (2022 NY Slip Op 06425)

Drummond v 450 Partners LLC

2022 NY Slip Op 06425

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Manzanet-Daniels, J.P., Webber, Mazzarelli, Friedman, Shulman, JJ. 

Index No. 24436/18E Appeal No. 16654 Case No. 2021-01096 

[*1]Charles Drummond, Plaintiff-Respondent,
v
450 Partners LLC et al., Defendants-Respondents, Associated Test & Balance Inc., Defendant-Appellant.

Shaub, Ahmuty, Citrin & Spratt, Lake Success (Jonathan Shaub of counsel), for appellant.
Burns & Harris, New York (Mariel Crippen of counsel), for Charles Drummond, respondent.
Wood Smith Henning & Berman LLP, New York (Cole R. Munson of counsel), for 450 Partners LLC, Brookfield Properties (USA II) LLC, Tishman Construction Corporation and Brookfield Properties Developer, LLC, respondents.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 24, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the issue of liability against defendant Associated Test & Balance Inc. (AT&B), granted defendants 450 Partners LLC, Brookfield Properties (USAII) LLC f/k/a Brookfield Properties Management LLC, Tishman Construction Corporation, and Brookfield Properties Developer LLC's (Owner Defendants) motion for summary judgment on their cross claim for common-law indemnification against AT&B, and denied AT&B's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
The court correctly granted plaintiff's motion for partial summary judgment on the issue of liability and denied AT&B's motion for summary judgment dismissing the complaint. The record evidence, including surveillance footage capturing an AT&B employee placing the sheet of Masonite on the lobby floor shortly before plaintiff tripped and fell on it, established that AT&B left the premises "less safe" than before, and therefore launched a force or instrument of harm (see Church v Callanan Indus., 99 NY2d 104, 112 [2002]; Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). AT&B's contention that it justifiably relied on the Owner Defendant's instructions to place the Masonite on the floor is unavailing (see Hartofil v McCourt & Trudden Funeral Home, Inc., 57 AD3d 943, 945 [2d Dept 2008]). The issue of plaintiff's comparative fault remains an issue for the factfinder at trial (see Rodriguez v City of New York, 31 NY3d 312 [2018]).
Absent evidence of active negligence on the Owner Defendants' part, or that they controlled AT&B's work, the court correctly granted them summary judgment on their cross claim for common-law indemnification against AT&B (see e.g. Tighe v Hennegan Constr. Co., Inc., 48 AD3d 201, 202 [1st Dept 2008]).
We have considered AT&B's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022