**Sorto v SCI Funeral Servs. of N.Y., Inc.**

2026 NY Slip Op 30670(U)

February 25, 2026

Supreme Court, New York County

Docket Number: Index No. 160601/2021

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                    PART                    **11M**

*Justice*

-------------------------------------------------------------------------------X

SAUDY ADONAY ALBERTO SORTO,                   INDEX NO.          160601/2021

              Plaintiff,                      MOTION DATE        08/05/2025

       - v -                                  MOTION SEQ. NO.       004

SCI FUNERAL SERVICES OF NEW YORK, INC, SERVICE
CORPORATION INTERNATIONAL, NEW YORK FUNERAL        **DECISION + ORDER ON**
CHAPELS, LLC D/B/A RIVERSIDE MEMORIAL CHAPEL,            **MOTION**

              Defendant.

-------------------------------------------------------------------------------X

NEW YORK FUNERAL CHAPELS, LLC D/B/A RIVERSIDE            Third-Party
MEMORIAL CHAPEL                                   Index No. 595072/2022

              Plaintiff,

       -against-

SKYLINE RESTORATION INC.

              Defendant.

-------------------------------------------------------------------------------X

NEW YORK FUNERAL CHAPELS, LLC D/B/A RIVERSIDE          Second Third-Party
MEMORIAL CHAPEL                                   Index No. 595771/2022

              Plaintiff,

       -against-

              Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 126, 127, 128, 129,
138, 139, 141, 142, 180, 182, 183

were read on this motion to/for          JUDGMENT - SUMMARY          .

       Upon the foregoing documents, the motion is granted in part.

**160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW**          **Page 1 of 8**
**YORK, INC ET AL**
**Motion No. 004**

1 of 8

[* 1]

## Background

This motion arises out of a Labor Law case involving a fall from a scaffold platform. Plaintiff is a painter/mechanic, and on July 8, 2021, he was working on a construction site on premises owned by SCI Funeral Services of New York, Inc. ("SCI" or "Owner"). It was Plaintiff's understanding that while he was working there, he was employed by Skyline Restoration s/h/b, Inc. ("Skyline" or "Employer"). Skyline disputes this allegation and claims that the subcontractor Magella Construction Corp. ("Magella") is the true employer. On July 8th, Plaintiff and his now-deceased coworker Roberto Rivas were cleaning an area of scaffold. He tripped over several bricks that had been removed by workers or had fallen from the building. Plaintiff claims that Mr. Rivas was supposed to place the bricks in a removal bag but that this had not been done.

### Relevant Procedural Background

Plaintiff filed this underlying proceeding in November of 2021. That January, Riverside filed an answer with cross-claims. Riverside has filed a second third-party complaint asserting claims against OneTeam, who has answered and in turn filed a third third-party complaint against Magella. Magella has been properly served but has failed to answer or appear in this action. The Workers Compensation Board has issued a determination stating that Skyline is the Plaintiff's employer. This determination was affirmed on appeal.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to

**160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF  NEW YORK, INC ET AL**
**Motion No.  004**

**Page 2 of 8**

2 of 8

[* 2]

judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 [2016]. The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

In this motion, Riverside and Skyline (collectively, the "Movants") move for summary judgment in their favor, dismissing the complaint and granting them contractual indemnification against OneTeam and Magella (or, alternatively, a default judgment against Magella). Plaintiff opposes the motion, and OneTeam partially opposes the motion to the extent that it seeks contractual indemnification against them. For the reasons that follow, the motion is granted to the extent that it seeks dismissal of the Labor Law § 240 claim in its entirety and dismissal of the claims asserted by Plaintiff against his employer Skyline, and the motion is otherwise denied.

*The Labor Law § 241(6) Claim Is Not Barred by the Integral to the Work Doctrine as That Doctrine Has Not Been Shown to Apply Here*

Plaintiff has asserted a claim against the Movants pursuant to Labor Law § 241(6). This provision states that all construction areas "shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein." Movants seek summary judgment dismissing Plaintiff's § 241(6) claim on the grounds that this provision does not apply to a worker injured by bricks that were removed from a jobsite if the bricks in question were an inherent or integral part of the work. Plaintiff opposes this portion of the motion and argues that there are issues of fact going to whether the bricks were integral to the work.

160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW          Page 3 of 8
YORK, INC ET AL
Motion No.  004

3 of 8

[* 3]

Movants rely on a Second Department case for the proposition that if the bricks were integral to the work, there could be no 241(6) liability. *Smith v. New York City Hous. Auth.*, 71 A.D.3d 985 [2nd Dept. 2010]. They do not cite to any First Department or Court of Appeals cases on this issue. Plaintiff cites to a recent Court of Appeals case as controlling. *Bazdaric v. Almah Partners LLC*, 41 N.Y.3d 310 [2024]. In *Bazdaric*, the plaintiff was a painter who slipped on an unsecured plastic covering he had placed on the jobsite. *Id.*, at 314. The Court of Appeals held that the plaintiff was entitled to summary judgment on his § 241(6) claim because the integral to the work doctrine did not apply. *Id.*, at 320. The court stated that this doctrine only applies "when the dangerous condition is inherent to the task at hand, and not, as is the case here, when a defendant or third party's negligence created a danger that was avoidable without obstructing the work or imperiling the worker." *Id*. As there the plaintiff had established that there were other, safer methods to prevent paint from falling on machinery, the integral to the work doctrine did not apply because a condition is not integral to the job if "a safer alternative would have accomplished the same goal." *Id.*, at 321.

Here, Movants have not shown that there are no disputed areas of fact going to whether the brick disposal method employed on the site in question did not have a safer alternative. Therefore, under the *Bazdaric* precedent, it has not been shown that the integral to the work doctrine applies. That bricks naturally fell from the façade as part of the work being performed does not make the condition of bricks laying on the ground integral to the work. Rather, it would need to be established that there was no safer alternative to the brick disposal method employed that day in order for the 241(6) claim to be barred. As there are disputed areas of fact going to how the bricks were supposed to be disposed of and whether there were any safer methods available, this claim cannot be dismissed under the integral to the work doctrine. *See also Tighe*

160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL
Motion No.  004

Page 4 of 8

4 of 8

[* 4]

*v. Hennegan Constr. Co., Inc.*, 48 A.D.3d 201, 202 [1st Dept. 2008] (holding that debris that accumulated as part of the demolition work was not an integral part of the work performed); *Lourenco v. City of New York*, 228 A.D.3d 577, 580 [1st Dept. 2024].

*The Movants Have Not Established Prima Facie Entitlement to Summary Judgment Dismissing the Labor Law § 200 Claim*

Plaintiff has pled a claim under Labor Law § 200. This provision states that all places that the chapter applies to are to be "so constructed, equipped, arranged, operated, and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein." It codifies the common law duty to provide employees with a safe workplace but has an exception for "hazards which are part of or inherent in the very work which the contractor is to perform." *Gasper v. Ford Motor Co.*, 13 N.Y.2d 104, 110 [1963]. Movants seek summary judgment dismissing the Labor Law § 200 claim asserted against them on the grounds that the hazard was inherent to the work Plaintiff was hired to perform, and/or it was readily observable. Whether a condition was readily observable is determined by reference to the worker's age, intelligence, and experience. *See, e.g., Bombero v. NAB Constr. Corp.*, 10 A.D.3d 170, 171 [1st Dept. 2004].

Plaintiff in opposition argues that there are issues of fact here going to whether the debris in question constituted a dangerous condition and if the Movants had notice. If an injury arises from "the condition of the workplace created by or known to the contractor, rather than the method of plaintiff's work", then it is not necessary to establish supervision and control over the plaintiff. *Murphy v. Columbia Univ.*, 4 A.D.3d 200, 202 [1st Dept. 2004]. Furthermore, there are triable issues of fact going to actual or constructive notice of a condition when a party does not introduce testimony stating lack of actual knowledge or evidence going to constructive

160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW
YORK, INC ET AL
Motion No.  004

Page 5 of 8

5 of 8

knowledge such as a cleaning or maintenance schedule. *Lourenco*, at 583. Movants argue that there is no proof of their notice. But while this might suffice in order to *oppose* a motion for summary judgment by Plaintiff, this not sufficient in order to establish a prima facie entitlement to summary judgment dismissing a § 200 claim. Therefore, the Movants have not met their burden for summary judgment dismissing the Labor Law § 200 claim.

*Labor Law § 240 Claim Should Be Dismissed*

The Movants seek to dismiss Plaintiff's Labor Law § 240 claim as unavailable in this matter. This portion of the Labor Law covers scaffolding and states that scaffolds must be "so constructed, placed and operated as to give proper protection to a person so employed." This scaffold law was intended to prevent against "elevation-related hazards" and is applied when a scaffold or other protective device "proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (emphasis in original). *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 500 – 01 [1993]. The Movants argue that this provision of the Labor Law is inapplicable here, where the Plaintiff tripped over debris on a scaffold. In opposition, Plaintiff does not address the arguments related to dismissal of the § 240 claim. Therefore, dismissal of this claim is proper as the Movants have established prima facie entitlement to summary judgment.

*Workers' Compensation Law Bars Both the Claims Asserted Here Against Skyline by Plaintiff and Default Judgment Against Magella*

The Movants argue that New York's Workers' Compensation Law bars a suit against Skyline, Plaintiff's employer. They also argue that Skyline is not Plaintiff's employer, and that the Workers' Compensation Board erred in so finding, moving for a default judgment against Magella (the entity they claim is Plaintiff's actual employer) to recover the sums paid under

**160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF  NEW YORK, INC ET AL**
**Motion No.  004**

**Page 6 of 8**

6 of 8

[* 6]

Workers' Compensation. In opposition, Plaintiff points to the obvious and inherent inconsistency in the Movants' position. Because Plaintiff has already been paid from the Workers' Compensation Board due to the finding there that Skyline was his employer, the claims asserted here against that employer must be dismissed. *See* N.Y. Work. Comp. § 29. But while Magella has failed to answer or appear in this action, to the extent that Movants also seek a default judgment against Magella for sums paid under Workers' Compensation Law on a theory that Magella is Plaintiff's employer, such a request is denied for failure to establish prima facie entitlement to such relief. Movants cannot have it both ways – either the claims against Skyline are dismissed because as Plaintiff's employer the only remedy is the Workers' Compensation Law, or Skyline is entitled to indemnification against Magella because Magella was Plaintiff's employer.

*The Delay in Medical Treatment Does Not Defeat Plaintiff's Claims*

The Movants argue that because Plaintiff did not seek medical treatment for 41 days after the incident in question, his claims should be dismissed for failure to establish causation. Plaintiff in opposition points to the lack of any medical testimony offered by the Movants going to causation, the finding by Plaintiff's doctors that his injuries were caused by the incident, and the findings by the Workers' Compensation Board that the injuries were caused by the incident. The Movants have failed to establish prima facie entitlement to dismissal on this ground, as they have offered nothing other than counsel's conjecture that such a delay defeats any finding of causation.

*Granting Contractual Indemnification Against OneTeam Would Be Premature*

Movants also move for summary judgment on their claim for contractual indemnification against OneTeam, who opposes this branch of the motion. The Movants argue that should it be

160601/2021   ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL
Motion No. 004

Page 7 of 8

7 of 8

[* 7]

determined that they are liable under Plaintiff's Labor Law claims, then they are entitled to contractual indemnification against OneTeam because there is no evidence here establishing their own negligence. Under the terms of the contractual indemnification provision, OneTeam would only be required to indemnify the Movants if it is determined that they were not negligent. OneTeam points to the issues of fact going to the Movants' negligence and argue that granting contractual indemnification would be premature at this point. As addressed above, there are issues of fact going to the extent that the Movants' were negligent in creating the debris conditions. Under these circumstances, granting Movants contractual or common-law indemnification against OneTeam would be premature. *See, e.g., Spielmann v. 170 Broadway NYC LP*, 187 A.D.3d 492, 494 [1st Dept. 2020]. Therefore, that portion of the motion should be denied. Accordingly, it is hereby

ADJUDGED that the motion for summary judgment dismissing Plaintiff's claims is granted as to the fourth cause of action in its entirety and as to the claims asserted against defendant Skyline Restoration, Inc., and denied as to the rest; and it is further

ADJUDGED that the motion for default judgment against third-party defendant Magella Construction Corp. is denied; and it is further

ADJUDGED that the portion of the motion seeking indemnification against OneTeam is denied as premature.

20260225163433LFRANK19039④4A589744DF80243D4D69817FEE

**2/25/2026**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160601/2021  ALBERTO SORTO, SAUDY ADONAY vs. SCI FUNERAL SERVICES OF NEW YORK, INC ET AL**
**Motion No.  004**

**Page 8 of 8**

8 of 8