Woodward v J.T. Magen & Co. Inc.
2026 NY Slip Op 03752
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Robert Woodward, Plaintiff-Appellant,
v
J.T. Magen & Company Inc., et al., Defendants-Respondents. [And a Third-Party Action]

Decided and Entered: June 11, 2026
Index No. 156960/17|Appeal No. 6870|Case No. 2025-00670|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Law Office of Lisa M. Comeau, Garden City (Lisa M. Comeau), for appellant.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollak of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Judy H. Kim, J.), entered on or about January 13, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on liability on his Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(1) and granted defendants' motion for summary judgment dismissing that claim, unanimously modified, on the law, to deny defendants' motion, and otherwise affirmed, without costs.
The court should have denied defendants' motion to the extent it sought summary judgment dismissing plaintiff's Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(e)(1). On this record, issues of fact exist as to whether the area where plaintiff fell constituted a "passageway" or merely an open area for purposes of 12 NYCRR 23-1.7(e)(1) (see Prevost v One City Block LLC, 155 AD3d 531, 535 [1st Dept 2017]; Gallina v MTA Capital Constr. Co., 193 AD3d 414, 415 [1st Dept 2021]). Plaintiff fell just after coming out of the only available staircase leading to the mezzanine, when he tripped on a cutout/inlay in the floor. Witness testimony described the area where he fell as a hallway or corridor connecting two much larger spaces, and plaintiff himself testified that he had to walk through the area to reach his assigned workspace. The record contains conflicting evidence as to whether, and to what degree, the wide corridor was narrowed as a result of scaffolding or potentially other materials placed on the sides of the corridor. Liability under 12 NYCRR 23-1.7(e)(1) may arise not only where a plaintiff falls due to an accumulation of debris, but also where there are "conditions which could cause tripping."
The integral to the work doctrine does not bar plaintiff's Labor Law § 241(6) cause of action as a matter of law (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 320 [2024]). The record does not establish that any work was actually being done on the inlay at the time of plaintiff's accident (see Tighe v Hennegan Constr. Co., Inc., 48 AD3d 201, 202 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026