■ AKOUSA PHILLIPS, Individually and as Mother and Natural Guardian of ERNESTINA FRORWAA, an Infant, Respondent, v BRONX LEBANON HOSPITAL, Also Known as BRONX LEBANON HOSPITAL CENTER, et al., Appellants. [701 NYS2d 403] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered December 16, 1998, which, insofar as appealed from, found that "issues of fact exist as to whether defendants created a hazardous condition, or whether there was notice of same" and denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendants' motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

It is undisputed that plaintiff, who was carrying her two-year-old daughter, took the elevator to the second floor clinic area of defendant hospital. She exited the elevator, turned right and walked a short distance to the reception desk. Upon being informed by plaintiff that the child was sick, a doctor who was standing nearby felt the child's forehead and told plaintiff to take her downstairs to the emergency room. Plaintiff turned to go back to the elevator, took four or five steps and slipped and fell.

According to plaintiff's deposition testimony: she had not seen anything on the floor before she slipped and fell; as she walked from the elevator to the reception area with her daughter she was looking down ("Always when I walk I look down I don't know why"); she "stepped on something mushy"; while she was on the floor she saw a drop or two of blood on her hand; she later realized that there was some blood underneath the tip of her shoe ("It wasn't that much") and that it was blood, not water, oil or anything like that; she did not know how long the blood had been on the floor and no one had told

her that they had seen it prior to the accident; when she first got out of the elevator, she saw a man mopping the floor, but not in the area where she fell. Plaintiff also testified that her brother, who had driven her to the hospital and was parking his car, arrived on the scene after she had fallen.

Defendant's assistant nursing care coordinator, Milda Bailey, testified at her deposition that she was in her office near the accident scene when she heard plaintiff's screams and ran into the hallway, where she saw plaintiff on the floor. She did not see any substance on or near the area where plaintiff fell and looked at the floor again after plaintiff was picked up and did not see anything there. Ms. Bailey had been in the area of the accident 15 to 30 minutes earlier as part of her rounds and there was nothing on the floor then. Whenever Ms. Bailey did see a spill, she would first contain it and then report it to the housekeeping staff.

In opposition to defendants' motion for summary judgment, which was based upon the foregoing testimony, plaintiff submitted affidavits of plaintiff, her brother and her uncle asserting that defendants had both actual and constructive notice of a "bloody, soapy mixture" on the floor and that it had been created by someone who had started to mop up and then left the mop and bucket in the hallway, without finishing the job or putting up warning signs. According to plaintiff's affidavit: when she left the elevator she noticed a man with a bucket, mopping the floor near the elevator; she noticed a few drops of a soapy, bloody mixture on her shoes, which caused her fall; after she fell, she looked to where the man had been mopping and saw that he had left, but the mop and bucket were still there unattended; her brother arrived at the second floor just as she fell.

Her brother stated in his affidavit that as he emerged from the elevator he saw his sister, who was walking toward the elevator, slip and fall. He noticed "a few drops of a soapy, bloody mixture of liquid at the exact point where she fell" and there was "a trail of soapy, bloody water leading from the mop and bucket near the elevator all the way to the point where plaintiff fell, diminishing in volume from where the mop and bucket were located, where there was a lot of the soapy, bloody water, up to the point where there were only a few drops of the soapy, bloody mixture".

Plaintiff's uncle, who arrived at the hospital 20 to 30 minutes after the accident and examined the scene of the accident approximately ten minutes later, stated in his affidavit that he noticed an unattended mop and bucket to the left of the eleva-

tor around which "there was a lot of red, bloody, soapy water, with little bits of it around the edges, dried up", which "trailed to the point where [plaintiff] fell, yet decreasing in volume, until there were only a few drops by the clinic desk."

While issues of fact and credibility may not ordinarily be determined on a motion for summary judgment, where, as here, the self-serving affidavits submitted by plaintiff in opposition clearly contradict plaintiff's own deposition testimony and can only be considered to have been tailored to avoid the consequences of her earlier testimony, they are insufficient to raise a triable issue of fact to defeat defendant's motion for summary judgment. Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.