■ PERINE INTERNATIONAL INC., Appellant-Respondent, v BEDFORD CLOTHIERS, INC., Respondent-Appellant, and SEENA INTERNATIONAL INC. et al., Respondents, et al., Additional Cross Claim Defendants. [40 NYS3d 27]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 29, 2015, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment in its favor on its first and third causes of action, defendants' fourth affirmative defense, and defendants' first counterclaim, except to the extent of granting summary judgment in plaintiff's favor on the first cause of action as against defendant Bedford with respect to two invoiced shipments (P253D and P254D), and dismissing the fourth affirmative defense and first counterclaim insofar as they relate to those two invoices, unanimously modified, on the law, to grant plaintiff summary judgment, as against Bedford, on the remainder of the first cause of action (relating to five additional invoiced shipments) and on the third cause of action, and to dismiss the fourth affirmative defense and the first counterclaim to the extent they relate to the five additional invoices, and otherwise affirmed, without costs.

Plaintiff Perine is a foreign corporation that manufactures textiles and apparel. Defendant Seena International Inc. is a domestic corporation that designs, manufactures, and sells apparel. Defendant Bedford shares an office with Seena and acts as its "design and production arm," importing goods using trademarks and designs owned by Seena. Plaintiff seeks damages from both Bedford and Seena for their failure to pay for shipments of goods that were accepted by them.

Defendants waived any defense based on a lack of capacity or standing to sue by failing to assert it in the answer or a pre-answer motion to dismiss (CPLR 3211 [e], [a] [3]; *see also Security Pac. Natl. Bank v Evans*, 31 AD3d 278, 279-281 [1st Dept 2006], *appeal dismissed* 8 NY3d 837 [2007]). Even if the defense had not been waived, it would be unavailing because defendants admitted in their amended answer to having a contractual relationship with plaintiff (*see Bogoni v Friedlander*, 197 AD2d 281, 291-292 [1st Dept 1994], *lv denied* 84 NY2d 803 [1994]).

The motion court correctly granted summary judgment on the first cause of action, for breach of contract, as against Bedford with respect to the P253D and P254D invoices. Plaintiff presented prima facie evidence that the parties entered into agreements for plaintiff to sell textile apparel to Bedford, and that Bedford accepted those goods and failed to pay for them. Plaintiff also relied on emails sent by Bedford's president within months after all the goods had been shipped, in which he acknowledges that payment is due, requests additional time to pay, and promises to pay the total amount due on all seven invoices. At his deposition, Bedford's president was unable to recall whether he rejected or revoked acceptance of any of the goods at issue. Bedford's claim, supported by two affidavits, that the emails were in fact nonbinding settlement proposals, is belied by the plain text of the emails, and appears to have been tailored to avoid the consequences of those emails and the earlier deposition testimony (*see Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318, 320 [1st Dept 2000]).

Bedford failed to raise an issue of fact with respect to whether it is entitled to offsets based on the purported nonconformity of the goods delivered by plaintiff. Bedford waived any right to offsets when it promised, in November 23 and 24, 2011 emails, to pay plaintiff the full amounts billed in the invoices. By that time, Bedford had a reasonable time to inspect and reject the goods (UCC 2-607 [3]; United Nations Convention on Contracts for the International Sale of Goods, art 49 [2], 52 Fed Reg 6262-02 [1987]). Bedford's reliance on af-

fidavits stating that defendants rejected or revoked acceptance of the goods, is unavailing because the affidavits are inconsistent with the prior deposition testimony (*see Phillips*, 268 AD2d at 320). Furthermore, the emails promising payment postdate the purported rejections or revocations of acceptance.

Defendants' allegations of trademark infringement do not preclude summary judgment on plaintiff's breach of contract claim as against Bedford, because the allegations are adequately addressed by defendants' remaining counterclaims and cross claims for trademark infringement and unfair competition.

For the foregoing reasons, plaintiff established its entitlement to summary judgment on its breach of contract cause of action as against Bedford with respect to invoices P239D, P258D, P259D, P286D, and P360D. While the motion court found it significant that in those five invoices, there were discrepancies between the quantities specified in the purchase orders and the quantities ultimately delivered and invoiced, Bedford nonetheless admitted its obligation to pay the full invoiced amounts in the November 23 and 24 emails.

Plaintiff established its entitlement to summary judgment on its third cause of action, for account stated, as against Bedford. Plaintiff submitted "documentary evidence showing that [Bedford] received and retained the invoice without objection" and Bedford failed to raise an issue of fact in response (*Miller v Nadler*, 60 AD3d 499, 499 [1st Dept 2009]). The November 24 email from Bedford, which listed each invoice and the amount due, is proof that the invoices were received by Bedford. Plaintiff's principal averred that no objections were made to the invoices. In opposition, Bedford submitted affidavits that failed to specify any objections made to any of the invoices. Moreover, the affidavits are not credible as a matter of law, because they conflict with the contemporaneous promises to pay the full amount billed.

The motion court properly denied plaintiff's motion for summary judgment as against defendant Seena, an entity related to Bedford, because plaintiff failed to establish as a matter of law that the corporate veil should be pierced to hold Seena responsible for Bedford's contractual obligations (*see generally Horsehead Indus. v Metallgesellschaft AG.*, 239 AD2d 171, 171-172 [1st Dept 1997]).

We have considered the remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Acosta, Moskowitz and Gesmer, JJ.