Homan v David Seinfeld, M.D., PLLC (2018 NY Slip Op 06183)





Homan v David Seinfeld, M.D., PLLC


2018 NY Slip Op 06183


Decided on September 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2018

Acosta, P.J., Sweeny, Manzanet-Daniels, Gesmer, Singh, JJ.


805060/13 7133 7132

[*1]Deborah Homan, Plaintiff-Appellant,
v
David Seinfeld, M.D., PLLC, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for respondents.



Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered November 10, 2016, dismissing the complaint pursuant to an order, same court and Justice, entered on or about November 7, 2016, which granted defendants' motion for summary judgment, unanimously affirmed, without costs.
In this medical malpractice action, plaintiff claims that defendant David Seinfeld, her former internist and cardiologist, departed from accepted medical practice by failing to diagnose her endocarditis when he examined her on March 18 and 25, 2011. Although plaintiff was properly diagnosed approximately two weeks later, she asserts that as a result of the delay in diagnosis, the infection spread to her right hip and vegetation on her aortic valve grew to a point where surgical intervention was ultimately required.
The record establishes that Seinfeld did not depart from the accepted standard of care by failing to diagnose plaintiff on March 18 or 25. Defendants' expert opined that, without any complaints of fever, weight loss, or shortness of breath, there was no basis for a diagnosis of endocarditis, and plaintiff's expert failed to address or rebut this assertion (see Ramirez v Columbia-Presbyterian Med. Ctr., 16 AD3d 238 [1st Dept 2005]).
Plaintiff's expert's assumption that plaintiff did, in fact, complain of fevers is not supported by the record. There is no contemporaneous evidence of fevers. In fact medical records affirmatively state plaintiff did not have a fever on March 24 or 25 (see Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000]). It is further undisputed that plaintiff never claimed to have suffered weight loss, and plaintiff made only a fleeting claim of shortness of breath at her deposition, which was not relied upon by her expert.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 25, 2018
CLERK