Schlam Stone & Dolan LLP v Toussie (2020 NY Slip Op 06874)





Schlam Stone & Dolan LLP v Toussie


2020 NY Slip Op 06874


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 651880/19 Appeal No. 12425 Case No. 2019-05120, 2019-05466 

[*1]Schlam Stone & Dolan LLP, Plaintiff-Respondent-Appellant
v
Robert I. Toussie, Defendant-Appellant-Respondent, Laura Toussie et al., Defendants.


Scheyer & Stern, LLC, Nesconset (Patricia A. Stern of counsel), for appellant-respondent.
Schlam Stone & Dolan LLP, New York (Joshua Wurtzel of counsel), for respondent-appellant.



Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered December 5, 2019, awarding plaintiff the total amount of $121,697.85, pursuant to an order, same court and Justice, entered on or about November 22, 2019, which, inter alia, granted that part of plaintiff's motion for summary judgment on its account stated claim and denied so much of plaintiff's motion for summary judgment on its breach of contract claim for defendants' failure to pay attorneys' fees and costs incurred in bringing this action, unanimously affirmed, without costs.
Plaintiff was entitled to summary judgment on its account stated claim, as it submitted documentary evidence showing that defendant Robert I. Toussie had "received and retained the invoice[s] without objection" (Perine Intl. Inc. v Bedford Clothiers, Inc., 143 AD3d 491, 493 [1st Dept 2016] [internal quotation marks omitted]). Toussie's own written statements refute his argument that plaintiff was unauthorized to represent him, and/or that he had objected to plaintiff's work, when he terminated plaintiff in early October 2018. The termination, which occurred prior to Toussie's receipt of the relevant invoices, was rescinded by Toussie shortly thereafter. Despite regular correspondence between plaintiff and Toussie during the following months, there is no indication that he objected to plaintiff's invoices or continued representation. Moreover, defendants' legal malpractice counterclaims were not sufficiently intertwined with the account stated claim so as to preclude summary judgment (see Emery Celli Brinckerhoff & Abady, LLP v Rose, 111 AD3d 453, 454 [1st Dept 2013], lv denied 23 NY3d 904 [2014]).
The court properly denied plaintiff summary judgment on its breach of contract claim for its fees and costs incurred in bringing the action under the parties' unsigned retainer agreement. While there is no dispute that the retainer agreement was sent to Toussie or that he did not object to its substantive terms, including the fee-shifting clause, there is also no dispute that Toussie did not sign the agreement. Accordingly, a question of fact remains as to whether Toussie agreed to the fee-shifting aspect of plaintiff's engagement.
We have considered the parties' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020