Chaney v Fulton Jefferson Hous. Dev. Fund Corp. (2023 NY Slip Op 05535)

Chaney v Fulton Jefferson Hous. Dev. Fund Corp.

2023 NY Slip Op 05535

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, Shulman, Rosado, JJ. 

Index No. 33921/19E Appeal No. 962 Case No. 2022-04019 

[*1]Johnnie Chaney, Plaintiff-Respondent,
v
Fulton Jefferson Housing Development Fund Corporation et al., Defendants-Appellants.

Perry, Van Etten, Rozanski & Kutner, LLP, New York (Jeffrey Van Etten of counsel), for appellants.
Zlotolow & Associates, P.C., Melville (Jason S. Firestein of counsel), for respondent.

Order, Supreme Court, Bronx County (Marissa Soto, J.), entered August 26, 2022, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that a neighbor's dog lunged at her and bit her on the arm and hand, causing injuries. The court correctly denied defendants' motion for summary judgment dismissing the complaint. Defendants established prima facie their entitlement to summary judgment by submitting the deposition testimony of their building superintendent and porter showing that they had never received any complaints about the dog and had no knowledge of the dog's vicious propensities (see Almodovar v New York City Hous. Auth., 177 AD3d 424 [1st Dept 2019]).
In opposition, plaintiff raised a triable issue of fact by submitting the affidavits of her two daughters, who averred that the dog had, on prior multiple occasions, barked, growled, and lunged at them as they walked by the neighbor's apartment to get to their mother's unit. The daughters further averred that they had each made several complaints to building management about the dog's aggressive behavior and requested that the dog be removed from the building. Contrary to defendants' contention, the affidavits were not so contradictory to plaintiff's deposition testimony as to warrant the conclusion that they were tailored to avoid the consequences of the testimony and submitted to raise a feigned issue of fact (see Perez v Pinnacle Group, Inc., 172 AD3d 525, 526 [1st Dept 2019]; Phillips v Bronx Lebanon Hosp., 268 AD2d 318, 320 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023