Judson Realty, LLC v Judson CRE LLC (2025 NY Slip Op 06966)

Judson Realty, LLC v Judson CRE LLC

2025 NY Slip Op 06966

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Index No. 159388/20|Appeal No. 5379|Case No. 2024-03617|

[*1]Judson Realty, LLC, et al., Plaintiffs-Appellants,
vJudson CRE LLC, et al., Defendants-Respondents.

Law Offices of Brian K. Bernstein, PC, New York (Brian K. Bernstein of counsel), for appellants.
Fox Rothschild LLP, New York (Marc J. Gross of counsel), for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered May 14, 2024, which granted defendants' motion pursuant to CPLR 2201 to stay this action pending the conclusion of a guardianship proceeding under article 81 of the Mental Hygiene Law, unanimously reversed, on the law, without costs, the motion denied and the stay vacated.
Supreme Court improvidently exercised its discretion in staying this first-in-time action between competing real estate firms pending the resolution of the proceeding concerning E. William Judson (William), the father of plaintiffs' principal Stephen Judson and defendant Nicholas T. Judson. Nicholas maintains that the guardianship proceeding will resolve the question of whether Stephen, plaintiffs' principal, has mismanaged the family businesses and unfairly exerted influence over their father in order to gain control of plaintiff entities. Defendants did not raise a standing or capacity defense in their answer, rendering this objection waived under CPLR 3211(e) (see e.g. Perine Intl. Inc. v Bedford Clothiers, Inc., 143 AD3d 491, 492 [1st Dept 2016]).
In any event, defendants' explanation as to why the claims and counterclaims in this action cannot be adjudicated until the question of William's capacity has been resolved is unavailing. The claims in the amended complaint assert violations of General Business Law §§ 349 and 350 and the Lanham Act § 43(a) (15 USC § 1125[a]), alleging that defendants are unfairly and deceptively relying on the Judson family name and taking credit for plaintiffs' business transactions. Defendants' counterclaims assert deceptive conduct on plaintiffs' part under those same statutes. Defendants aver that Nicholas is owed money for his work for the family business accruing before he was terminated and that plaintiffs continue to benefit from Nicholas's contributions despite the termination of his employment. Because William's capacity has no bearing on those matters, and the outcome of this action between competing real estate firms would not be affected if Stephen were to be removed as manager of any of the plaintiff entities, this is not a proper case for a stay (see e.g. Uptown Healthcare Mgt., Inc. v Rivkin Radler LLP, 116 AD3d 631, 631 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025